**In re Carol K. WILLIAMS, Debtor.**

**HIGHLAND COMMUNITY FEDERAL CREDIT UNION, Plaintiff,**

v.

**Carol K. WILLIAMS, Defendant.**

**Bankruptcy No. 686–08511–R7.**
**Adv. No. 686–66159–R.**

United States Bankruptcy Court,
D. Oregon.

June 17, 1987.

Donald R. Crane, Crane & Bailey, Klamath Falls, Or., for plaintiff.

Carmeron F. Wogan, Osborne, Spencer & Wogan, Klamath Falls, Or., for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Consultant.

This matter comes before the court upon the defendant's motion to dismiss. The parties have consented to proceeding in this matter before the bankruptcy consultant. Accordingly, this opinion is entered pursuant to Miscellaneous Order No. 87–21 of the United States District Court for the District of Oregon.

The defendant filed her voluntary Chapter 7 petition on August 7, 1986. On September 23, 1986, the court clerk mailed a notice to all interested parties informing them that the § 341(a) first meeting of creditors would be held on October 9, 1986 and that any complaint to determine the dischargeability of a debt under 11 U.S.C. 523(a)(2), (4), or (6) must be filed within sixty (60) days of the date set for that meeting of creditors.

On December 9, 1986, the plaintiff filed a complaint to determine the dischargeability of a debt owed by defendant to plaintiff under 11 U.S.C. 523(a)(2). Defendant responded with a motion to dismiss on the basis that the complaint is time barred pursuant to Bankruptcy Rule 4007(c).

Plaintiff admits that its complaint under § 523(a)(2) was filed on the sixty-first day after the first date set for the § 341(a) meeting of creditors. It argues however, that because the clerk's office notified it by mail of the date set for the meeting of creditors and the 60 day time period in which to file a complaint to determine the dischargeability of a debt, by virtue of Bankruptcy Rule 9006(f) plaintiff had an additional three days in which to file its complaint.

11 U.S.C. 523(c) provides in pertinent part that:

... the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Bankruptcy Rule 4007(c) provides as follows:

(c) **TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED.**

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall

give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Plaintiff did not file a motion to extend the time fixed in Bankruptcy Rule 4007(c) for the filing of its complaint herein, nor does plaintiff urge that it did not receive the required notice specified in Bankruptcy Rule 4007(c).

The sole issue for determination is whether or not Bankruptcy Rule 9006(f) applies to give plaintiff three additional days past the expiration of the 60 day time period in which to file its complaint.

Bankruptcy Rule 9006(f) provides as follows:

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

Plaintiff's argument was rejected by the court in *In re Whitten*, 49 B.R. 220 (Bankr. N.D.Ala.1985). There, the creditor filed its proof of claim two days after the 90 day period provided for in Bankruptcy Rule 3002(c) had expired. The court rejected the application of Bankruptcy Rule 9006(f) stating:

> The rule refers to the right to do an act "within a prescribed period after service of a notice," when the notice is served by mail. The filing of a proof of claim is not within a prescribed period "after service of a notice." The filing of a proof of claim is an act within a prescribed period of "90 days after the first date set for the meeting of creditors." It is the date first set for the meeting of creditors which triggers the running of the time for the filing of the proofs of claim-not the mailing of the notice by the clerk of the court. 49 B.R. at 222.

Likewise, in this case, the filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. 523(c) is not within a prescribed period after service of a notice. The filing of such a complaint is an act within a prescribed period of 60 days after the first date set for the meeting of creditors. It is the date first set for the meeting of creditors which triggers the running of the time for the filing of complaints to determine dischargeability, not the mailing of the notice by the clerk of the court. Accordingly, Bankruptcy Rule 9006(f) is inapplicable and does not operate to extend the time for the filing of plaintiff's complaint.

Bankruptcy Rule 9006(b)(3) provides in pertinent part: "The court may enlarge the time for taking action under Rules ... 4007(c), ... only to the extent and under the conditions stated in those rules."

Bankruptcy Rule 4007(c) provides in pertinent part that: "On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.*" (Emphasis added)

In this circuit, it has been held that the time for filing a complaint to determine the dischargeability of a debt may not be extended by the court beyond the time allowed in Bankruptcy Rule 4007(c), even where the failure to make a timely filing of the complaint or to timely request an extension of time was based on counsel's excusable neglect. *Jones v. Hill, (In re Hill)*, 811 F.2d 484 (9th Cir.1987).

Accordingly, it follows that defendant's motion must be granted and that plaintiff's complaint should be dismissed.

This Opinion shall constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to this court by Bankruptcy Rule 7052; they shall not be separately stated.

A judgment consistent herewith shall be entered.