In re Marvin A. HARTEN aka Marvin Arthur Harten, Debtor.

John KUGLER, Alice Kugler, Rita Felder, Walter Felder, Appellants,

v.

Marvin A. HARTEN aka Marvin Arthur Harten, Appellee.

BAP No. CC–87–1124 VJMo.

Bankruptcy No. LA 86–12939JD.

Adv. No. 86–3199JD.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Sept. 30, 1987.

Christopher Ashworth, Garfield, Tepper & Ashworth, Los Angeles, Cal., for appellants.

Earle Hagen, Hagen & Hagen, Encino, Cal., for appellee.

Before VOLINN, JONES and MOOREMAN, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

Appellants, plaintiffs below, bring this appeal from the trial court's order sustaining debtor's motion to dismiss the complaint and denying plaintiffs' motion for relief from error.

We affirm.

## FACTS

On July 17, 1986 Marvin A. Harten, aka Marvin Arthur Harten, (hereinafter Harten), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. At the time of the filing, appellants (hereinafter for convenience referred to as the Kuglers), were plaintiffs in an action against Harten in the matter of *John G. Kugler, Alice Kugler, Rita Felder and Walter Felder v. Marvin Harten* in Los Angeles Superior Court. A mandatory settlement conference had been set for August 5, 1986, and trial had been set for August 26, 1986. These were automatically stayed by the filing of the bankruptcy petition. The Kuglers had until November 3, 1986 to file a Complaint to Determine Dischargeability of Debt.

Such a complaint was filed. However, it was file stamped by the office of the bankruptcy court clerk November 7, 1986. On December 4, 1986, Harten's attorney filed and served upon the Kuglers a Notice of Motion and Motion to Dismiss Complaint. The Kuglers' attorney filed and served an Opposition to the Motion to Dismiss and Notice of Motion and Motion for Relief from Error, along with supporting declarations. The Kuglers contend that they had prepared the complaint and that their attorney messenger service delivered the complaint to the clerk on October 24, 1986. They assert that therefore it was filed on time.

Judge Dooley heard the matter on January 13, 1987. He denied the Motion for Relief from Error on the grounds that the Kuglers had not sustained their burden of showing that the complaint was in fact filed on or before November 3, 1986. On appeal, the Kuglers contend that since the complaint was not filed timely due to a

clerical error by the court, it should not have been dismissed.

### STANDARD OF REVIEW

Implicit in the order of the trial court is the finding that the Kuglers did not deliver the complaint to the clerk of the court on time. The bankruptcy court's findings will not be reversed unless clearly erroneous. *Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.),* 61 B.R. 614, 619 (9th Cir. BAP 1986).

### DISCUSSION

The Kuglers contend that the bankruptcy court is a court of equity and as such has the ability not only to interpret the rules and laws but to apply them to effectuate justice between the parties. Therefore, the bankruptcy court should support the policy of deciding matters on the merits, not on technicalities. They further contend that the trial court abused its discretion by not exercising its equitable powers to allow the complaint to stand. While it is true that the bankruptcy court is a court of equity, *see Francis v. Riso (In re Riso),* 57 B.R. 789 (D.N.H.1986), its power to lift the statutory bar for timeliness of claims is limited. The equity powers of the bankruptcy court are not altogether shackled by the statute of limitations. However, "such powers may be exercised to lift the statutory bar only in the extraordinary case where some element of fraud or injustice has prevented a creditor from filing his claim in a timely fashion." *In re Riso,* 57 B.R. at 793 (quoting *In re Martin Edsel, Inc.,* 228 F.Supp. 538, 540–41 (D.N.H.1963)).

The Kuglers support their claim by declarations from Kim Westhoff (the attorney who prepared the complaint), Linda West (the secretary who typed the complaint and readied it for delivery), and Michael Ahern (the messenger who delivers documents from the law firm to the court). All these declarations say that the complaint was delivered October 24, 1986. However, a close examination of these declarations shows that although the complaint may have been prepared for delivery on October 24, 1986, there is no evidence that it was so delivered. Mr. Ahern merely states that he picked up documents from the law firm in his regular course of business on October 24, and that he delivered them to their proper destination. He states that he delivered documents to the clerk of the bankruptcy court, but does not specifically refer to the document in question. Ms. West states that she prepared filing instructions for the messenger service in relation to the complaint, and made a copy of these instructions. This copy was to be attached to her declaration as "Exhibit A", but it was not so attached. These filing instructions are, for some unexplainable reason, missing. Indeed, although the law firm could locate a copy of filing instructions for almost every other document ever sent out of the office by legal messenger, this one cannot be found.

In response to the Motion for Relief from error, Harten also filed declarations. The declaration of Geraldine Walsh, Manager, Court Services Division of the office of the Bankruptcy Court's Clerk, states that at no time does it take more than 72 hours for a document to be file stamped from the time a document is deposited at the clerk's office window. She further states that during October 1986 there was no backlog that would lead to a ten or fourteen day delay in filing a document.[1]

Neither party submitted a copy of the trial transcript on appeal. It is impossible for the panel to know what occurred at trial. From the excerpt submitted by the appellee, it is apparent that the trial court was deciding whether the complaint was in fact filed with the clerk on October 24, 1986. The trial court observed that while the attorney messenger service generally stamps copies of documents received on the

---

1. This panel is concerned by the declaration of the supervisor in charge of the filing window, Delores Molina, that 72 hours is an extreme, and that most documents are file stamped either the same day or the next day after they are received. We cannot condone the practice of waiting until even the day after a document is received to file stamp it, much less 72 hours, because of the possibility created for prejudicial delay. But we note that the declaration states that there is no way that a 14–day delay would occur in file stamping a document.

date the service gets them, in this case no such stamp can be found.

The Kuglers contend that the trial court should have allowed the complaint under Rule 60 of the Federal Rules of Civil Procedure which provides for relief from clerical mistakes by the court. The trial court did not find that there was a clerical mistake by the court in this instance. Rather, it found that the Kuglers did not meet their burden of demonstrating that the document was delivered to the clerk of the court on time.

In the course of appellate review, on reviewing the record, we are to reverse the lower court only if we are "left with the definite and firm conviction that a mistake has been committed." *Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.)*, 61 B.R. 614, 619 (9th Cir. BAP 1986) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *accord Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). In the present case, there is ample evidence to support the trial court's finding that the Kuglers did not file their complaint on time. There is no direct evidence that they did in fact deliver the complaint to the clerk of the court on or before November 3, 1986.

The time period for filing a complaint under Rule 4007 of the bankruptcy rules is not a technicality. An untimely filed complaint must be dismissed on jurisdictional grounds. *See McIlroy Bank & Trust v. Couch (In re Couch)*, 43 B.R. 56, 58 (Bankr.E.D.Ark.1984); *see also FDIC v. Kirsch (In re Kirsch)*, 65 B.R. 297 (Bankr. N.D.Ill.1986). Federal Rule of Civil Procedure Rule 60 does not provide an escape from the time bar of Bankruptcy Rule 4007.

## CONCLUSION

The Kuglers did not demonstrate to the trial court that they did in fact timely deliver the complaint to the clerk of the bankruptcy court. The complaint may have been prepared on time, but there is no evidence that it was delivered to the clerk's office on or before November 3, 1986. Indeed, the Kuglers did not produce the only document which could demonstrate that the complaint was received by the messenger service on October 24, 1986. Under these circumstances, we cannot say that the trial judge erred in his finding.

Affirmed.