In re Richard V. SANTOS and Pacita C. Santos, Debtors.

Leo SCHUNCK, Appellant,

v.

Richard V. SANTOS and Pacita C. Santos, Appellees.

BAP No. CC 88–1647–PMoJ.
Bankruptcy No. SA87–01877JB.
Adv. No. SA87–0440JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 15, 1989.

Decided April 10, 1990.

Dale A. Kiken, Newport Beach, Cal., for appellant.

James A. Davidson, Santa Ana, Heights, Cal., for appellees.

Before PERRIS, MOOREMAN and JONES, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Appellant appeals from an order dismissing as untimely his complaint objecting to discharge and to determine dischargeability. We reverse and remand.

## FACTS

On November 18, 1985, plaintiff/appellant, Leo Schunck ("appellant") sold a travel agency to the debtors/appellees, Richard V. and Pacita C. Santos ("debtors"). When debtors failed to fulfill their obligations incurred in connection with the purchase of the travel agency, appellant sued the debtors in state court for breach of contract, fraud, breach of promissory note, breach of security agreement and foreclosure. The state court granted appellant a default judgment on January 7, 1987.

On March 30, 1987, the debtors filed their Chapter 7 petition. The bankruptcy court scheduled the first meeting of creditors for May 11, 1987, and fixed July 10, 1987 as the last day for filing complaints under 11 U.S.C. § 523(c) to determine the dischargeability of debts and for filing objections to discharge under 11 U.S.C. § 727.

Appellant received notice of the first meeting and the bar date.

Appellant requested a Bankruptcy Rule 2004 examination in order to determine if there was a sufficient basis to file a complaint to determine dischargeability or an objection to discharge. On June 24, 1987, the parties stipulated that the Rule 2004 examinations of the debtors would be held on July 3, 1987. When the debtors failed to appear for the July 3, 1987 examination, debtors' counsel agreed to extend the bar date for filing dischargeability complaints and discharge objections.

On July 13, 1987, appellant filed a Complaint to Determine Dischargeability of Debt and Objecting to Discharge, alleging, *inter alia*, that the debtors submitted a false financial statement in order to induce the sale of the travel agency and the loan made in connection with the sale.

On September 25, 1987, the debtors changed attorneys. On that same day, the debtors' new attorney answered the complaint on behalf of the debtors. The answer asserted no affirmative defenses and did not mention the untimeliness of the complaint. Similarly, the Joint Pre-Trial Order submitted by the parties did not mention the untimeliness of the complaint.

On or about June 23, 1988, the debtors filed a motion to dismiss the complaint as untimely. The bankruptcy court heard the motion on July 7, 1988, one day before the trial of the adversary hearing was scheduled to begin.[1] The court, relying upon *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986), determined that waiver may not be applied to preclude the motion to dismiss and dismissed the complaint. Appellant appealed.

## ISSUES

1. Whether equitable estoppel, waiver, or equitable tolling can be applied to preclude assertion of the untimeliness of a

---

The bankruptcy court granted debtors' *ex parte* motion for an order shortening time for a hearing on the motion to dismiss. In explaining the delay in filing the motion to dismiss, debtors' counsel contended that he was led to believe by appellant's counsel that the late filing had been approved by a court order and that he had not received the entire case file from the former attorney and therefore did not have knowledge of all of the facts concerning the timeliness of the complaint.

complaint under Bankruptcy Rules 4007(c) and 4004.

2. Whether the deadlines of Rules 4004 and 4007(c) can be extended for excusable neglect.

3. Whether Bankruptcy Rule 9006(f) applies to the time limits of Rules 4004 and 4007(c).

## STANDARD OF REVIEW

■ Whether a filing period is subject to equitable estoppel, waiver or equitable tolling is a question of law that is reviewed de novo. *See Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir.1986), *amended and reh'g denied,* 815 F.2d 570 (1987).

## DISCUSSION

1. *The applicability of equitable estoppel, waiver, or equitable tolling.*

■ The time limits for filing complaints objecting to discharge and complaints to determine dischargeability under 11 U.S.C. § 523(c) are identical.[2] With respect to complaints objecting to discharge, Bankruptcy Rule 4004 provides as follows:

(a) In a Chapter 7 liquidation case a complaint objecting to discharge shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to [11 U.S.C.] § 341(a).... (b) On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

With respect to complaints to determine dischargeability, Bankruptcy Rule 4007(c) provides that

[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion

shall be made before the time has expired.

The bankruptcy court may enlarge the time for filing complaints under Rules 4004(a) and 4007(c) "only to the extent and under the conditions stated in those rules." Bankruptcy Rule 9006(b)(3).

The plain language of these rules indicates that a party must file either a complaint or a motion for an extension within the prescribed period. The appellant seeks to avoid the plain meaning of the rules by contending that the doctrines of waiver, equitable estoppel and equitable tolling of limitations periods preclude the debtors' reliance upon these time limits. The debtors contend that the failure to comply with the time limits presents a subject matter jurisdiction defense which cannot be waived and which is not subject to the equitable doctrines.

### A. *The jurisdictional nature of the time limits.*

■ Generally, a failure to comply with a limitations period may be excused by equitable doctrines such as estoppel, waiver, or equitable tolling, if the limitations period is not a jurisdictional requirement. *See Valenzuela v. Kraft,* 801 F.2d at 1172; *See also, Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that the timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling). If, however, the time period at issue is a jurisdictional prerequisite rather than the equivalent of a statute of limitations, waiver and estoppel are unavailable because the parties by their actions cannot create jurisdiction in the federal courts where Congress has not done so. *See Cooper v. Bell,* 628 F.2d 1208, 1212 (9th Cir.1980). The first question, therefore is whether compliance with the time limits of Rules 4007(c) and 4004(a) is a prerequisite to the bankruptcy court's jur-

**2.** Because the time limit provisions of these two rules are identical the cases applicable to Rule 4007(c) are applicable to interpreting Rule 4004(a) and (b).

isdiction to hear a dischargeability action or an objection to discharge.

Some courts have held that the deadline fixed by these rules is jurisdictional and therefore cannot be waived.[3]  *See, e.g., Burger King Corp. v. B-K of Kansas, Inc.,* 73 B.R. 671, 674 (D.Kan.1987); *In re Booth,* 103 B.R. 800, 802 (Bankr.S.D.Miss. 1989); *In re Kirsch,* 65 B.R. 297 (Bankr.N. D.Ill.1986).[4]  Other cases, however, have found that these deadlines were subject to waiver or equitable tolling, thereby implying that the rules were not jurisdictional. *See In re Mufti,* 61 B.R. 514 (Bankr.C.D. Cal.1986) (holding that the limitations period of Rule 4004(a) may be tolled where the grounds for objection to discharge have been fraudulently concealed); *In re Clay,* 64 B.R. 313 (Bankr.N.D.Ga.1986) and *In re Kleinoeder,* 54 B.R. 33 (Bankr.N.D. Ohio 1985) (both of which held that an untimeliness defense under Rule 4007(c) was waived where it was not asserted in the initial stages of the adversary proceeding).

In determining whether a given time period is a jurisdictional prerequisite or the equivalent of a statute of limitations that can be subject to waiver, estoppel or equitable tolling, courts examine the structure, legislative history and underlying policy of the provision in question and the related statutory scheme. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. at 393–97, 102 S.Ct. at 1132–34.  The Advisory Committee note to Rule 4007(c) reads, in relevant part, as follows:

Subdivision (c) differs from subdivision (b) by imposing a deadline for filing complaints to determine the issue of dischargeability of debts set out in § 523(a)(2), (4) or (6) of the Code.  The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts.  If a complaint is not timely filed, the debt is discharged.  See § 523(c).

Although this "legislative history" implies that the bankruptcy court, the only court with jurisdiction over such matters, will be powerless to act upon dischargeability questions if the complaint is not timely filed, the structure and policy of this provision and the relevant statutory scheme provide stronger support for a determination that the bar date at issue is not jurisdictional.

Congress conferred subject matter jurisdiction over bankruptcy matters upon district courts and bankruptcy courts through 28 U.S.C. § 1334 and 28 U.S.C. § 157.  11 U.S.C. § 523(c) allows a bankruptcy court to determine the dischargeability of a debt of the type at issue in this appeal and 28 U.S.C. § 157(b)(2)(I) provides that such determinations involve "core proceedings." Neither the text nor the legislative history of these provisions conferring jurisdiction over dischargeability matters purport to limit jurisdiction to those cases where the complaint is timely filed.  Rather, as in the case of *Zipes,* the jurisdictional provisions are silent with respect to timeliness and the

3.  In *In re Harten,* 78 B.R. 252, 254 (9th Cir. BAP 1987) apparently adopted this position by stating that "[a]n untimely filed complaint [to determine dischargeability] must be dismissed on jurisdictional grounds."  The Panel cited *Kirsch* in support of this statement.  The precedential effect of this statement in *Harten,* however, is questionable.  The statement is not necessary to the decision in *Harten* as the Panel was not faced with a question of waiver, estoppel or the like.  Rather, the *Harten* Panel simply reviewed the bankruptcy court's factual finding that the complaint at issued was not filed on a certain date prior to the expiration of the deadline. Moreover, the *dicta* in *Harten* regarding the jurisdictional nature of the time limit is inconsistent with earlier *dicta* in that case indicating that the court may grant relief from the bar date in extraordinary cases "where some element of fraud or injustice has prevented a creditor from

filing his complaint in a timely manner."  If the bar date was jurisdictional, it is doubtful that a court would have the power to relieve a party from its effects.

4.  In reaching this conclusion, *Kirsch* relied on cases holding that compliance with the time limits for filing a motion for a judgment notwithstanding the verdict under Fed.R.Civ.P. 50(b) and a motion for a new trial under Fed.R. Civ.P. 59(b) is necessary for the court to have jurisdiction to decide the motions.  *Kirsch* looked to Rules 50(b) and 59(b) because Fed.R. Civ.P. 6(b) limited extensions to the periods set forth in those rules in the same manner that Bankruptcy Rule 9006(b)(3) limits extensions to the time periods set forth by Rules 4007(c) and 4004(a).  We find the analogy to Rules 50(b) and 59(b) unpersuasive.

timely filing requirements are placed in an entirely separate provision.

Moreover, an examination of the purposes and policies underlying the bar date suggests that the time limits should not be considered jurisdictional. The purposes of Rules 4004 and 4007(c) are to further the prompt administration of bankruptcy estates, *e.g., In re Hill*, 811 F.2d 484, 486–87 (9th Cir.1987) and the "fresh start" goals of bankruptcy relief as well as to allow a debtor to "enjoy finality and certainty in relief from financial distress as quickly as possible." *In re Harrison*, 71 B.R. 457, 459 (Bankr.D.Minn.1987). Although, as discussed below, a consideration of these purposes may require courts to limit the equitable relief generally available under the broad applications of the doctrines of estoppel, waiver or equitable tolling, these purposes are not served by the total preclusion of equitable relief which would be required upon a determination that the time limits are jurisdictional. Such a total preclusion of equitable relief would be inconsistent with those Panel cases which recognize, in *dicta*, that relief from the bar date should be allowed in the extraordinary cases, *see, e.g., In re Rhodes*, 61 B.R. 626, 630 (9th Cir. BAP 1986), *In re Harten*, 78 B.R. 252, 253 (9th Cir. BAP 1987). Finally, a determination that the time limits are jurisdictional would allow a dischargeability judgment to be collaterally attacked on the grounds of untimeliness at any time, a result clearly at odds with the purpose of promoting finality and certainty of relief.

■ For these reasons we determine that the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits.[5] This is not to say, however, that the full measure of equitable relief from limitations periods becomes available to a party seeking to avoid the effect of a strict application of the bar date. Any equitable doctrines must be applied in a manner consistent with the plain language of the rules and the purposes served by those rules and with a mind to the strict construction of the rules consistently followed in the Ninth Circuit.

B. *The application of equitable tolling.*

■ Initially, we believe that the plain language of these rules precludes the application of the doctrine of equitable tolling. The essence of the doctrine of equitable tolling is that a limitations period does not run against a plaintiff who is unaware of his cause of action and the doctrine is invoked when the defendant conceals or makes it impossible for the plaintiff to discover the facts underlying his cause of action. *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir.1985). In this regard, equitable tolling is concerned with the point in time at which a limitations period begins to run and is, in large measure, governed by the language of the statute of limitations. *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1070 (7th Cir.1978). Rules 4007(c) and 4004(a) clearly state that the 60 day time period begins to run on the date of the § 341(a) meeting of creditors. The running of this period is not dependant on the discovery or accrual of a cause of action as it would be in a statute to which tolling is more appropriately applied.

In addition to being contrary to the language of the rules, the application of equitable tolling could do significant harm to

---

5. In reaching this result, we do not credit the appellant's argument that *In re Hill*, 811 F.2d 484, 487 (9th Cir.1987) precludes a determination that the time limits are jurisdictional. *Hill* determined that the time limits affect procedural, not substantive rights so that the rules did not abridge 28 U.S.C. § 2075. In reaching this conclusion, *Hill* did not consider whether the time limits were jurisdictional. Moreover, contrary to appellant's argument, that a rule is procedural does not mean that it is not jurisdictional. Under the definition of procedural law alluded to in *Hill* (rules designed to manage ongoing litigation), a time limit for filing a notice of appeal would be procedural yet it is beyond dispute that such a time limit is jurisdictional. *See In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir.1987). The substantive/procedural distinction is not analogous to the jurisdictional/non-jurisdictional distinction and the fact that a time limit is procedural provides neither positive nor negative support for the proposition that the time limit is non-jurisdictional.

the purposes underlying the rules. The fresh start, prompt administration, finality and certainty purposes of the bar dates would be significantly impaired by allowing the application of a doctrine, such as equitable tolling, which could feasibly allow a creditor to bring a dischargeability action years after the time period should have passed even though the debtor's affirmative conduct might not contribute to the creditor's lack of knowledge of the facts underlying the dischargeability complaint. A less onerous means for protecting the creditor's rights in this regard is to liberally grant timely filed requests for extensions to the bar date where, as in this case, the creditor has a valid and explainable suspicion regarding the existence of facts giving rise to a dischargeability cause of action. Where the creditor does not learn of the fraud until later, the creditor may be able to seek revocation of the discharge under section 727(d).

C. *The application of equitable estoppel.*

██ Equitable estoppel requires reasonable reliance on a defendant's words or conduct in forebearing suit within the applicable limitations period. *Bomba v. W.L. Belvidere, Inc.,* 579 F.2d at 1071. The doctrine of equitable estoppel, contrary to the doctrine of equitable tolling, is not dependent on the language of the limitations period. *Bomba,* 579 F.2d at 1070. Rather, the application of estoppel is independent of the language of the statute and takes its life from the principle that no person will be permitted to profit from his or her wrongdoing in a court of justice. *Id.*

The strict application of equitable estoppel will not significantly impair the purposes of the bar dates because the expansion of the time period and any resultant delay and uncertainty would be caused by

the debtor's words or conduct. Caution must be exercised, however, to narrowly tailor the doctrine of equitable estoppel so that it applies in a manner consistent with the purposes and strict construction of the applicable rules in this circuit.

In this regard Rules 4004(a) and (b), 4007(c) and 9006(b)(3) are clear that any extension of the time within which to file such complaints may only be made by order of the bankruptcy court upon a motion filed prior to the expiration of the time period. The Ninth Circuit, and this Panel have consistently held that a bankruptcy court has no discretion to grant relief from the filing deadline unless a motion for an extension of time is filed within the 60 day period established by the rules. *See e.g. Hill, supra; In re Neese,* 87 B.R. 609 (9th Cir. BAP 1988).[6] In addition, the Panel has indicated that "only the court may order an enlargement of time ... [and] the parties may not stipulate without court approval to an extension of time."[7] *Neese* 87 B.R. at 612. Any application of estoppel which would eliminate or impair the court's exclusive control over extensions would be contrary to the rule as construed in this circuit.

██ Applying the doctrine of estoppel in such a manner, we conclude, as a matter of law, that under the facts of this case the appellant cannot invoke equitable estoppel to obtain relief from the bar date. Equitable estoppel requires reasonable reliance on the defendant's words or conduct in forebearing from taking the necessary action within the applicable limitations period. A plaintiff cannot reasonably rely upon the defendants' representation that they would extend a deadline when the applicable rules clearly provide that a motion to extend the bar date must be filed prior to the expiration of the bar date and only the court may extend the deadline.

---

**6.** Notwithstanding this strict construction, we recognize and reaffirm those Panel cases indicating that relief from the bar date may be available in extraordinary circumstances. *See Rhodes,* 61 B.R. at 630.

**7.** On its facts, *Neese* is distinguishable because it involved an extension of time and stipulation agreed to by the trustee, as opposed to the

debtor, as in this case. The Panel noted that the debtor was not a party to the stipulation and accordingly "it was difficult to understand why equitable estoppel should be visited on the debtor." However, to the extent *Neese* is based on the proposition that the court must order the extension, this distinction is not critical.

To determine otherwise would allow the parties to determine among themselves to what extent the bar date would be extended and would remove the court control over extensions which is mandated by the rules.

### D. *The application of waiver.*

██ Appellant argues that the debtors waived their right to assert the untimeliness of the complaint by failing to assert untimeliness in their answer to the complaint. We determine that such an argument applies in the context of Rules 4007(c) and 4004(a) and may be asserted to preclude reliance on the bar date. We reach this conclusion because the application of waiver in this manner is not contrary to the express language nor the purposes underlying the rules. The encroachment upon the bankruptcy court's control of extensions to the bar date is minimal and the debtor, if he or she asserts his or her rights in a timely manner, will not suffer any impairment of his or her interest in certainty, finality and prompt administration.

██ Turning to the merits of appellant's waiver contention, the timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading. *In re Kleinoeder*, 54 B.R. at 34–35; *see* Fed.R.Civ.P. 8(c), Bankruptcy Rule 7008. If the defense is not raised in the answer or responsive pleading, it is generally waived. *See* 5 C. Wright and A. Miller, *Federal Practice and Procedure*, Civil § 1278 (West 1969). Such a determination, however, is left to the discretion of the trial court. *Kleinoeder*, 54 B.R. at 35. In determining whether a failure to timely raise a limitations defense should constitute a waiver, a court should consider a number of factors, including the following:

1) the obviousness of the defense's availability, 2) the stage of the proceeding at which the defense is raised, 3) the time which has elapsed between the filing of the answer and the raising of the defense, 4) the amount of time and effort expended by the plaintiff in the case at the time the defense is raised, and 5) the prejudice resulting to the plaintiff which

would result from allowing the defense to be asserted.

*Id.* Another factor which should be considered in this case is the debtors' counsel's suggestion that the appellant's counsel mislead him into believing that the late filing had been approved by court order.

██ An evaluation of these factors and a determination of the merits of appellant's waiver argument would necessarily involve fact finding, a task forbidden to an appellate tribunal, and an exercise of discretion which should be performed in the first instance by the bankruptcy court. Because the bankruptcy court determined that waiver could not apply as a matter of law, we reverse and remand for a determination on the waiver issue in a manner consistent with this opinion.

### 2. *Excusable neglect.*

██ Appellant contends that the deadlines of Rules 4004 and 4007(c) should be extended and relief should therefore be granted on the basis of excusable neglect. In arguing that an excusable neglect standard should be applied, appellant relies on the concurring opinion in *In re Rhodes*, 71 B.R. 206, 208 (9th Cir. BAP 1987) which stated that excusable neglect under Fed.R. Civ.P. 60(b) may provide a basis for granting a request to file an untimely complaint to determine dischargeability. 71 B.R. at 208.

The Panel has consistently held that there is no discretion to enlarge the time periods at issue on the basis of excusable neglect when the request is made after the time period has expired. *E.g. In re Ricketts*, 80 B.R. 495 (9th Cir. BAP 1987); *Rhodes, supra; see Hill*, 811 F.2d at 486. In addition, *Ricketts* rejected the application of Rule 60(b) excusable neglect to the deadline for filing nondischargeability complaints under Rule 4007(c). Therefore, excusable neglect cannot justify the untimeliness of appellant's complaint.

### 3. *The application of Bankruptcy Rule 9006(f).*

██ Appellant contends that Bankruptcy Rule 9006(f) applies to add three days to

the period of time for filing complaints under Rules 4004(a) and 4007(c) and that his complaint is therefore timely.

Bankruptcy Rule 9006(f) provides as follows:

> When there is a right or requirement to do some act or undertake some proceeding within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

By its plain terms, Rule 9006(f) does not apply to Rules 4004(a) and 4007(c) because those rules do not require an act to be done within a prescribed period of time after service of a notice or other paper; rather, they require an act to be done within a prescribed period of time after the first date set for the § 341(a) meeting of creditors. *See e.g. In re Duncan,* 86 B.R. 288, 289 (Bankr.M.D.Fla.1988); *In re Williams,* 75 B.R. 887, 889 (Bankr.D.Or.1987). The fact that Rules 4004(a) and 4007(c) require the court to give notice of the bar date does not make Rule 9006(f) applicable because the 60 day period runs from the initial date set for the first meeting, rather than from the date notice is sent by the court. *Id.* Appellant, therefore is not entitled to the additional three days provided by Rule 9006(f).

## CONCLUSION

We conclude that the time limits set forth in Rules 4007(c) and 4004(a) are not jurisdictional requirements. Any application of equitable doctrines, however, must be consistent with the language and purposes of the Rules. In this regard, equitable tolling cannot apply because the doctrine is inconsistent with the language of the Rules and because the doctrine would significantly impair the purposes of the Rules. Equitable estoppel may apply, however, a plaintiff cannot reasonably rely upon the defendants' representation that they would extend a deadline when the applicable rules clearly provide that a motion to extend the bar date must be filed prior to the bar date and only the court may extend the deadline. The doctrine of waiver can be asserted to avoid the time

limits of Rules 4004 and 4007(c) where the untimeliness of the complaint is not raised in the answer or responsive pleading. A waiver determination, however, will require a determination by the bankruptcy court in the first instance.

We therefore REVERSE and REMAND for proceedings consistent with this opinion.