**In re Blanca E. MARTINEZ, Debtor.**

**Mayamex Incorporated, Juan M. Ayala, and Yolanda Ayala (aka Yolanda Del Rio), Plaintiffs,**

**v.**

**Blanca Martinez, (aka Blanca E. Gutierrez), Defendant.**

**Bankruptcy No. SV97–17489–KL.**
**Adversary No. SV97–02060–KL.**

United States Bankruptcy Court, C.D. California.

March 24, 1999.

Aaron Anguiano, Strauss, Neibauer, Anderson & Ramirez, Modesto, CA, for Plaintiff.

David K. Gottlieb, Sherman Oaks, CA, trustee.

## MEMORANDUM ON REQUEST FOR DEFAULT JUDGMENT AND ORDER THEREON

KATHLEEN T. LAX, Bankruptcy Judge.

Blanca Martinez ("Martinez" or "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on May 30, 1997. The deadline for filing complaints under 11 U.S.C. § 523(a)(2), (4), and (6) ran on September 2, 1997. Martinez received a discharge of debt on September 18, 1997. The bankruptcy case was closed on September 29, 1997.

On November 26, 1997, Mayamex, Inc. and others ("Mayamex") filed a complaint objecting to discharge of their claims against Martinez pursuant to Section 523(a)(2)(A) on the grounds of fraud. Mayamex seeks lost profits in the amount of $25,000, plus $75,000 in general damages arising out of the alleged fraud, and $500,000 in punitive damages. Mayamex alleges that Martinez fraudulently altered a video contract with the plaintiffs to include television rights which were not part of the original contract and then sold those television rights to a third party without Mayamex's knowledge or consent.

Mayamex served Martinez with the complaint and an alias summons on January 16, 1998, at the address of record for Martinez contained in the bankruptcy file. The time to file an answer expired on February 2, 1998. No responsive pleading was filed by Martinez. In August 1998,

Mayamex then filed a request for default and for default judgment seeking the damages pled.

Mayamex' request for default judgment was denied by order entered August 14, 1998 for inadequate proof. In addition, the court orally denied the motion in a tentative ruling made at a status hearing on the grounds, as to the entire complaint, that the complaint was not timely filed and that there was insufficient evidence that effective service had been made on Martinez. Punitive damages were denied because the request was excessive and without evidentiary support. Mayamex was given further opportunity to support its request for default judgment which the court has reviewed.

## DISCUSSION

### A. Timeliness

■ The complaint was filed more than two months after the deadline for filing such complaints had run and approximately two months after the bankruptcy case was closed. Mayamex does not address this tardiness in its papers. However, it does not appear that Mayamex or the other plaintiffs are listed on the mailing matrix. Given the nature of the claim, it may be that Martinez had no knowledge prior to the filing of this complaint that a claim was being asserted against her. It is not clear how or when Mayamex and the other plaintiffs learned of the bankruptcy case.

Federal Rule of Bankruptcy Procedure 4004 provides that "on motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge." Bankruptcy Rule 4004 further provides that "the motion shall be made before such time has expired." No such request was made in this case, either before or after the running of the deadline.

■ "[T]he timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading. [Citations omitted.] If the defense is not raised in the answer or responsive pleading, it is generally waived." *In re Santos*, 112 B.R. 1001, 1008 (9th Cir. BAP 1990). Obviously, Martinez has not raised the issue of timeliness because she has not filed any response to the complaint. If, as in this case, there is a serious question of whether the debtor has been properly served and has notice of the complaint, it is difficult to justify application of the concept of waiver. Therefore, whether this defense has been waived is a matter left to the discretion of the trial court. *In re Santos, Id.*

Under the facts of this case, no waiver can be implied. No affirmative ruling on extension of deadline was requested or granted. Therefore, the complaint is not timely and should be dismissed.[1]

### B. Service of Process

Mayamex served the Summons and Complaint on the following parties on January 19, 1998:

Blanca Gutierrez
In Pro Per
4712 Parthenia St., Ste. D
Panorama City, CA 91402

Bert V. Anthony, Esq.
Attorney at Law
3250 Wilshire Blvd., Ste. 1900
Los Angeles, CA 90010.

On January 20, 1998, Mayamex served the Summons and Complaint on:

Blanca Gutierrez
7139 Hazeltine Ave. # 111
Van Nuys, CA 91405.

The bankruptcy case file names both Blanca Martinez and Blanca Gutierrez as the Debtor in this case. The Debtor's address in this case is 7139 Hazeltine Ave., # 111, Van Nuys, California, 91405.

A Unilateral Status Report filed by Mayamex on March 9, 1998, informs the

---

1. If the tardiness of the complaint is based on the plaintiffs' lack of notice of the bankruptcy case in time to timely file the complaint, their remedy, in the first instance, lies in 11 U.S.C. § 523(a)(3).

court that an amended notice of the status conference and a letter were mailed to Martinez at the Hazeltine address on February 6, 1998, and both were returned to the sender. At least one item stated: "returned to sender, moved, left no address."

The court infers from the return of two pieces of mail in February 1998 and the absence of any response to the summons and complaint in January 1998, that the address used by Mayamex to effect service was no longer the Debtor's address, either in January 1998, or in February 1998. There is no evidentiary basis for finding that the other address in Pandora City was effective for Martinez and no basis for concluding that the attorney served had any connection with the Debtor, let alone any authority to accept service on her behalf. Therefore, I find that Martinez did not receive actual notice of the filing of the complaint against her, or of any pleadings or papers subsequently served on her in this adversary proceeding.

█ Mayamex argues in its supplemental pleading that service was effective under Bankruptcy Rule 7004(9) because it was made to "the address shown in the petition . . . or to such other address as the debtor may designate in a filed writing . . ." Mayamex further points out that the Debtor has a duty under Bankruptcy Rule 4002(5) to "file a statement of any change of the debtor's address."

While a correct statement of the applicable rule, Mayamex ignores an important factor that deserves consideration: that the case was closed four months earlier, after the Debtor had received notice of her discharge of debt and after the time for challenging that discharge of debt had passed. This court rejects Mayamex' implied assertion that debtors must continue to check in with and inform the court or creditors of their whereabouts after discharge is entered and the case is closed. A discharge in bankruptcy is not a suspended sentence or parole. In light of those events, Martinez no longer had any duty to keep the court informed of her address.

Mayamex is not without recourse. In those cases where reopening a case is necessary to afford relief to a creditor, that relief can still be granted. However, that creditor may be required to find the Debtor in order to perfect service.

## C. Sufficiency of Proof of Damages

█ If Mayamex were entitled to a default judgment in this case, the proof of actual damages in the amount of $25,000 based on the declaration of Juan Ayala is sufficient in the absence of any challenge to the documents presented. There is, however, no proof of general damages other than vague, unsubstantiated allegations of harm to reputation. Further, the request for punitive damages is grossly excessive.

## CONCLUSION

Based on the foregoing, the request for entry of default judgment is DENIED.

IT IS SO ORDERED.

