FILED

JUL 02 2013

NOT FOR PUBLICATION

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-12-1360-DKiPa |
| ) | |
| MICHAEL FRANZESE, ) | Bk. No. 11-25169-CB |
| ) | |
| Debtor. ) | Adv. No. 12 -AP-01169-CB |
| _____ ) | |
| ) | |
| IRWIN A. MANDEL, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| MICHAEL FRANZESE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 20, 2013
at Pasadena, California

Filed - July 2, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

_____

Appearances:     David L. Speckman, Esq. appeared and argued
for Appellant Irwin A. Mandel.

_____

Before:  DUNN, KIRSCHER, and PAPPAS, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant Irvin Mandel ("Mandel") appeals the order ("Dismissal Order") dismissing his exception to discharge adversary proceeding against the debtor appellee Michael Franzese ("Debtor") as untimely filed.  We AFFIRM.

## I.  FACTUAL BACKGROUND

The relevant background facts in this appeal are not in dispute.

Before the Debtor's bankruptcy filing, Mandel had obtained a fraud judgment in the San Diego Superior Court ("State Court Judgment") against the Debtor by default, supported by fact findings made after a prove up hearing on May 6, 2011.  The State Court Judgment is final and not appealable.

The Debtor filed for relief under chapter 7 of the Bankruptcy Code[2] on October 31, 2011.  In the notice ("Notice") of the Debtor's bankruptcy filing sent to all scheduled creditors, interested parties were advised in bold-faced type that the deadline to "Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts" was February 13, 2012.

It is not clear from the record exactly when Mandel and his counsel became aware of the Debtor's bankruptcy.  However, by letter dated January 16, 2012, Mandel's counsel responded to a letter dated January 10, 2012, from the Debtor's counsel advising

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

-2-

of the Debtor's bankruptcy filing.

The § 341(a) meeting in the Debtor's chapter 7 case was originally scheduled for December 15, 2011, but it apparently was continued a number of times based on the Debtor's nonappearance. Mandel's counsel did not attend the initially scheduled § 341(a) meeting, but he attended "a number of those which had been continued."

On January 25, 2011, the duly appointed trustee ("Trustee") in the Debtor's bankruptcy case and Debtor's counsel entered into a stipulation ("Original Stipulation"), apparently prepared by Debtor's counsel, to extend the deadline for the Trustee to object to the Debtor's discharge to April 13, 2012. The substance of the Original Stipulation reads as follows:

> The deadline for filing either a complaint objecting to the debtor's discharge under 11 U.S.C. §727 and 11 U.S.C. §523 or a motion to dismiss under §727(b)(3) [sic] <u>by the chapter 7 trustee</u> currently set for February 13, 2012 is extended up to April 13, 2012. (Emphasis added.)

On April 10, 2012, the bankruptcy court entered an order titled "Order Approving Stipulation to Extend Deadlin[e] for the Chapter 7 Trustee to file a Complaint, an Objection to Discharge, or a Motion to Dismiss" ("Extension Order"). The Extension Order in its entirety reads as follows:

> A stipulation to continue extend [sic] the deadlines described in the above-caption was filed January 25, 2012 as docket number 10.
> IT IS ORDERED
> The stipulation is approved and the deadline for filing either a complaint objecting to the debtor's discharge under 11 U.S.C. § 727 and 11 U.S.C. § 523, or a motion to dismiss under 11 U.S.C. § 727(b)(3) [sic] <u>by the chapter 7 trustee</u> is extended up to and including April 13, 2012. (Emphasis added.)

-3-

The Trustee and Debtor's counsel ultimately entered into two further stipulations to extend the deadline for the Trustee to object to the Debtor's discharge, extending the deadline to June 12, 2012, and further to August 13, 2012, respectively. On June 18, 2012, the bankruptcy court entered an order approving the later stipulation between the Trustee and Debtor's counsel, extending the deadline for the Trustee to object to the Debtor's discharge to August 13, 2012.

The Trustee filed a "no asset" report on July 11, 2012, and the Debtor received his discharge on August 20, 2012.

In the meantime, Mandel filed a complaint ("Complaint") to except the State Court Judgment debt from the Debtor's discharge on April 12, 2012. On May 16, 2012, Debtor's counsel filed a Civil Rule 12(b)(6) motion to dismiss ("Motion to Dismiss") the Complaint as not timely filed under Rule 4007(c). Rule 4007(c) generally requires that a complaint to except a debt from discharge be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." In the Debtor's case, as noted above, that deadline had been noticed as February 13, 2012.

Mandel opposed the Motion to Dismiss, arguing that the Extension Order misled Mandel and his counsel into believing that the deadline to file exception to discharge claims had been extended to April 13, 2012 for the benefit of all creditors. The Debtor responded that the Extension Order was not confusing or ambiguous and extended the § 523 claim deadline only as to the Trustee.

The bankruptcy court heard the Motion to Dismiss on June 26,

-4-

2012 (the "Hearing"). After hearing argument from counsel for Mandel and the Debtor, the bankruptcy court noted that Mandel was not a party to the Original Stipulation and found that "the fact that the Trustee got a stipulation with the Debtor does not translate to a stipulation with the creditors." At the conclusion of the Hearing, the bankruptcy court granted the Motion to Dismiss.

The bankruptcy court entered an order dismissing Mandel's adversary proceeding on July 5, 2012. Mandel filed a timely Notice of Appeal on July 6, 2012. Mandel filed an amended Notice of Appeal on July 20, 2012, attaching a copy of the dismissal order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in dismissing Mandel's Complaint as untimely?[3]

## IV. STANDARDS OF REVIEW

Interpretation of Rule 4007(c) is a legal question reviewed de novo. Herndon v. De La Cruz (In re De La Cruz), 176 B.R. 19, 22 (9th Cir. BAP 1994). The application of equitable estoppel or waiver principles likewise is a question of law reviewed de novo. Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 (9th Cir. 1986),

---

[3] In Appellant's Opening Brief, Mandel articulates six separate issues, all of which revolve around and are encompassed by the single issue stated above.

amended and reh'g denied, 815 F.2d 570 (1987); Schunck v. Santos (In re Santos), 112 B.R. 1001, 1004 (9th Cir. BAP 1990). De novo review requires that we consider a matter afresh, as if no decision had been rendered previously. United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

Fact findings with respect to notice of bar dates and extensions of bar dates are reviewed for clear error. In re Buckman, 951 F.2d 204, 206 (9th Cir. 1991); In re De La Cruz, 176 B.R. at 22. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" United States v. Hinkson, 585 F.3d 1247, 1262 & n.20 (9th Cir. 2009) (en banc). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).

We review a bankruptcy court's interpretation of its own orders for abuse of discretion. Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011), aff'd, Marciano v. Chapnick (In re Marciano), 708 F.3d 1123 (9th Cir. 2013). A bankruptcy court abuses its discretion if it applied the wrong legal standard, or if its fact findings were illogical, implausible or without any support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

-6-

# V. DISCUSSION

As noted above, with an exception not relevant in this appeal, Rule 4007(c) provides that a complaint to except a debt from a chapter 7 debtor's discharge under § 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In the Notice, that deadline date was specified as February 13, 2012. Mandel missed that deadline. The Complaint was not filed until April 12, 2012, almost two months beyond the deadline date.

Mandel argues that his filing of the Complaint to initiate his adversary proceeding against the Debtor beyond the Rule 4007(c) deadline should be excused for a number of reasons. First, he argues that application of the Rule 4007(c) deadline is subject to the equitable defenses of estoppel and waiver as to the Debtor, based on the Original Stipulation. The basis for Mandel's argument is that he was misled by the terms of the Original Stipulation to conclude that the deadline for the assertion of § 523 exception to discharge claims had been extended to April 13, 2012. Since the Trustee would not be asserting any § 523 claims, from the perspectives of Mandel and his counsel, the extension of the § 523 deadline in the Original Stipulation must apply to the entire creditor body.

We can see from the language of the Original Stipulation, which apparently was prepared by Debtor's counsel, as the name, address and telephone number of Debtor's counsel appear in the upper left-hand corner of the Original Stipulation, how Mandel's counsel might have been confused or misled. The language of the Original Stipulation is not a model of clarity and, indeed, is

-7-

even inaccurate in its Bankruptcy Code references.[4]

However, Mandel's argument does not deal effectively with the problem of the Original Stipulation language referring only to the "chapter 7 trustee." If the deadline extension was meant to apply to the entire creditor body, why include the limitation "by the chapter 7 trustee" at all? Or why is there no reference to creditors in addition to the Trustee? The bankruptcy court concluded that the original stipulation only was binding between the parties to the stipulation.

At worst, the language of the Original Stipulation can be characterized as ambiguous, and if that is the case, authority that binds us is not helpful to Mandel. This Panel considered the potential application of equitable defenses, including estoppel and waiver, to preclude strict application of a bar date to an exception to discharge complaint in the published opinion in In re Santos, 112 B.R. 1001 (9th Cir. BAP 1990). At the outset, we note that Mandel did not explicitly raise either waiver or equitable estoppel as defenses to the Motion to Dismiss in his filed opposition or in argument at the Hearing. Issues not raised in proceedings before the bankruptcy court generally are not considered on appeal. See, e.g., El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.), 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally

_____

[4] The Original Stipulation purports to extend the deadline for the Trustee to file "a motion to dismiss under § 727(b)(3) . . . ." Section 727(b) does not have any numbered subparts. A proper reference would have been to the Trustee's right to move to dismiss under § 707(b)(3).

-8-

will not consider arguments raised for the first time on appeal, although we have discretion to do so.").

We further note with respect to equitable estoppel, as stated in Santos, that,

> Equitable estoppel requires reasonable reliance on the defendant's words or conduct in forebearing from taking the necessary action within the applicable limitations period. A plaintiff cannot reasonably rely upon the defendant's representation that they would extend a deadline when the applicable rules clearly provide that a motion to extend the bar date must be filed prior to the expiration of the bar date and only the court may extend the deadline. (Emphasis added.)

In re Santos, 112 B.R. at 1007.

Rule 4007(c) provides that, "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." No such motion was filed by Mandel before February 13, 2012, and the bankruptcy court did not enter the Extension Order until April 10, 2012, long after the original deadline expired. On the record before us, Mandel does not meet the "reasonable reliance" standard as stated in Santos for application of equitable estoppel.

A "waiver" is the "intentional relinquishment or abandonment of a known right." United States v. Oliver, 507 U.S. 725, 733 (1933) (citations omitted). There is no evidence in the record that the Debtor ever knowingly waived the application of the Rule 4007(c) deadline as to any interested party other than the Trustee. Accordingly, Mandel's equitable estoppel and waiver arguments based on the Original Stipulation lack merit.

Mandel's primary argument to excuse the late filing of his Complaint is that he was misled by the bankruptcy court's

Extension Order. There is Ninth Circuit authority for the proposition that a party can be relieved from the adverse effects of a missed bar date under "unique" or "extraordinary" circumstances. See, e.g., Allred v. Kennerly (In re Kennerly), 995 F.2d 145, 147-48 (9th Cir. 1993). "In light of this court's statements in Slimick v. Silva (In re Slimick), 928 F.2d 310 (9th Cir. 1990), the unique circumstances exception would appear to be limited to situations where a court explicitly misleads a party." Id. at 148 (emphasis in original).

In Anwiler v. Patchett (In re Anwiler), 958 F.2d 925 (9th Cir. 1992), the Ninth Circuit affirmed a decision of this Panel excusing the filing of an exception to discharge and denial of discharge complaint beyond the Rule 4007(c) deadline date noticed in the first notice of § 341(a) meeting because the court had sent a second notice of § 341(a) meeting date noticing a new, later exception to discharge deadline date. "The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired." Id. at 929.

This appeal is distinguishable from In re Anwiler for the following reasons. First, the Extension Order was entered approximately fifty-six days after the Rule 4007(c) deadline date (February 13, 2012) had passed. If Mandel or his counsel were confused in advance of February 13, 2012 about whether the Rule 4007(c) deadline had been extended as to all creditors, such confusion could only have been created by the Original Stipulation. It was Mandel's obligation to file a motion to clarify the impact of the Original Stipulation and/or request an

extension of the Rule 4007(c) deadline before it expired. See Rules 4004(b) and 4007(c). In fact, the Extension Order was entered only two days before Mandel filed the Complaint. On this record, the Extension Order could not have had any impact on Mandel's decision to wait to file his Complaint until after February 13, 2012.

In addition, as we have discussed, Mandel emphasizes the facts that both the Original Stipulation and the Extension Order provided extensions of the § 523 exception to discharge deadline as well as the § 727 denial of discharge deadline, and the Trustee would not file any § 523 actions. See Appellant's Opening Brief at 9-10. At the Hearing, after being confronted with this argument, the bankruptcy court noted that Mandel was not a party to the Original Stipulation, and "the fact that the Trustee got a stipulation with the Debtor does not translate to a stipulation with the creditors." The bankruptcy court also noted that "the drop dead date for a 523 action is 60 days from the first meeting of creditors," as specified in Rule 4007(c). While the bankruptcy court stated its authority for that deadline was the Bankruptcy Code rather than Rule 4007(c), its statement of the applicable legal rule was correct. The Extension Order itself stated both in its title and in the body of the order that it applied "for . . .[and] by the chapter 7 trustee." It did not grant any extension of the Rule 4007(c) deadline to, or even refer to, the creditor body generally.

Based on the record before us in this appeal, we perceive no abuse of discretion or clear error of the bankruptcy court in granting the Motion to Dismiss.

-11-

## VI. CONCLUSION

Based on the foregoing analysis, we AFFIRM.