**In re Richard KLEINOEDER, Debtor.**

**CLYDE SAVINGS BANK COMPANY, Plaintiff,**

**v.**

**Richard KLEINOEDER, Defendant.**

**Bankruptcy No. 84–0226.**
**Related No. 83–01801.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 16, 1985.

Christopher Knight, Clyde, Ohio, for plaintiff.

Michael D. Reed, Sr., Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss filed by the Defendant-Debtor in the above-entitled adversary proceeding. The parties have agreed that the issues addressed by this Motion are primarily issues of law and that the Court may render a decision on the Motion based solely upon the written arguments of counsel. Pursuant to that agreement, the parties have filed their arguments and have been afforded the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Dismiss should be DENIED.

### FACTS

The facts in this case do not appear to be in dispute. The Debtor filed his voluntary Chapter 11 Petition on October 14, 1983. The case was subsequently converted to a proceeding under Chapter 7 on June 11, 1984. The notice of conversion which was sent on June 27, 1984, established September 11, 1984, as the last date on which to file complaints to determine dischargeability. On September 14, 1984, the Plaintiff filed the Complaint which gave rise to this case. That Complaint seeks a determination as to the dischargeability of a debt owed to the Plaintiff by the Debtor. The Debtor filed his answer to the Complaint on October 23, 1984. There was no mention of the expiration of the filing period in either the answer or any other pleading filed at that time.

During the pendency of this case, the parties participated in pre-trial conferences and in informal discovery proceedings. They also participated in settlement negotiations, negotiations which resulted in the consummation of a settlement agreement on or about December 11, 1984. In conjunction with that agreement, the Plaintiff prepared a journal entry and transmitted it to the Debtor for approval. The Debtor, instead of approving the agreement, filed the Motion to Dismiss which is presently before the Court. In that Motion, the Debtor asserts that the Complaint should be dismissed, inasmuch as it was filed subsequent to the expiration of the statutory period in which such complaints may be filed. The Motion to Dismiss was filed on January 16, 1985. The Plaintiff has opposed the Motion on the grounds that the failure of the Debtor to raise the defense prior to this time constitutes a waiver of the defense. The Plaintiff further contends that the consummation of a settlement agreement has, as a matter of equity, the effect of precluding a statute of limitations defense.

### LAW

Federal Rule of Civil Procedure 8, as made applicable by Bankruptcy Rule 7008, states in pertinent part:

"(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations ... and any other matter constituting an avoidance or affirmative defense."

Federal Rule of Civil Procedure 12, as made applicable by Bankruptcy Rule 7012, states in pertinent part:

"(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a

motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof ..."

Under these rules, the running of a statute of limitations is an affirmative defense which must be both plead and proved. Prior to the 1966 amendments of the Federal Rules of Civil Procedure, the failure to specifically plead a statute of limitations defense in an answer or responsive pleading constituted a waiver of the defense. *See, Whitmarsh v. Durastone Co.,* 122 F.Supp. 806 (D.R.I.1954), *Roe v. Sears, Roebuck & Co.,* 132 F.2d 829 (7th Cir.1943), *Smith v. Insurance Company of North America,* 30 F.R.D. 540 (M.D.Tenn.1962). Subsequent to those amendments, the failure to plead a statute of limitations defense in an answer or responsive pleading was not necessarily construed as a waiver of the defense. Rather, it was left with the discretion of the Court to decide whether the failure to timely raise the defense should constitute a waiver. *Faith v. Texaco, Inc.,* 48 F.R.D. 118 (W.D.Mich.1969), *Basko v. Winthrop Laboratories, Inc.,* 268 F.Supp. 26 (D.Conn.1967). In determining whether or not to accept an untimely assertion of a statute of limitations defense, the Court should consider: 1) the obviousness of the defense's availability, 2) the stage of the proceeding at which the defense is raised, 3) the time which has elapsed between the filing of the answer and the raising of the defense, 4) the amount of time and effort expended by the plaintiff in the case at the time the defense is raised, and 5) the prejudice to the plaintiff which would result from allowing the defense to be asserted. *See, McGraw v. Matthaei,* 388 F.Supp. 84 (E.D.Mich.1972), *Bergman v. United States,* 551 F.Supp. 407 (W.D. Mich.1982).

In the present case, a review of the facts finds that over four months have elapsed between the filing of the Complaint and the Debtor's assertion of the defense. During that time the Plaintiff was required to appear at a Pre-Trial conference and to participate in discovery. In addition, the Plaintiff, in good faith, entered into settlement negotiations with the Debtor and was able to reach a mutually acceptable compromise to the case. The Plaintiff's participation in the case has involved considerable time and effort on the part of both the Plaintiff and its counsel. Furthermore, counsel for the Debtor is not unfamiliar with bankruptcy proceedings and is fully cognizant of the statute of limitations which applies in liquidation cases. Moreover, the expiration date appeared on the notice which was filed in the case and sent to all creditors.

In view of these facts, it must be concluded that the Debtor has not timely asserted the statute of limitations defense. As previously indicated, the expiration of the period for filing complaints was readily apparent at the time the case was initiated. Had the Defendant raised the defense at an earlier point, the Plaintiff would not have been required to invest substantial time and effort into a case which, as a matter of law, should not have been commenced. A dismissal of the case at this time would negate the efforts expended by the Plaintiff in reaching a settlement agreement and would, as a consequence, work a prejudicial result to its good faith participation. Therefore, it must be concluded that by failing to raise the statute of limitations defense earlier in these proceedings, the Debtor has waived the right to assert the defense. It must also be concluded that the Motion to Dismiss should be denied.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion to Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that a Pre-Trial in this case be, and is hereby, set for Tuesday, July 16, 1985, at 11:30 o'clock A.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.