**In re Enos GAUDET, Debtor.**

**Bankruptcy No. 82–00871.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 1, 1992.

Enos Gaudet, pro se.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., for trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Debtor's Fed. R.Civ.P. 60(a) "Petition to Correct 'Order,'" and the Trustee's response thereto. At issue is the following language in our July 7, 1992 Order: "The Debtor's brief was also filed late on May 22, 1992."[1] Mr. Gaudet complains that this statement is "false and misleading," and requests that this alleged error be corrected for the record.

We deny the "petition" for three reasons.

1. The Debtor's brief was received and time stamped in the clerk's office on May 22, 1992, so the correctness of the disputed sentence turns on the interpretation of Fed. R.Bankr.P. 9006. We had ordered supplemental material to be filed within ten days from May 11, 1992, the date of the hearing. While Rule 9006 provides that any computation of time prescribed by the Bankruptcy Rules, by the Federal Rules of Civil Procedure, or by order of court, does not include the day of the act, (e.g., May 11), ten days from May 12 is May 21, *not* May 22.[2] Fed.R.Bankr.P. 9006(a) (1992).

■ The Debtor also argues that Rule 9006(f) allows for an additional three-day period for service by mail. Gaudet either doesn't understand or he misrepresents the plain meaning of this provision. In a move we will probably regret, we afford him the benefit of the doubt, and will attribute this argument to one of honest mistake—without this, and if Mr. Gaudet were found to

be intentionally trying to mislead the Court by his argument, we would be dealing much more severely with him. In any event, "service by mail" relates precisely to that—*service* on a party, not *filing* with the Court. Also, the accomplishment of service by mailing pursuant to Rule 9006(e) again relates to *service*, and not *filing*, particularly where the filing deadline is ordered by the Court.

■ 2. Federal Rule 60(a), upon which the Debtor relies, provides that clerical mistakes in judgments or orders arising from oversight or omission *may* be corrected by the Court. However, where as here an appeal has been claimed and already docketed in the District Court, such mistakes may be corrected only "with leave of the appellate court." Fed.R.Civ.P. 60(a). Since this matter is pending before the District Court, the Debtor should have sought relief initially in that Court.[3]

■ 3. Most puzzling of all, however, and notwithstanding our passing comment that the Debtor's filing was late, we nevertheless fully considered the arguments he presented therein, and did not bar the document for its tardiness. Accordingly, *his entire argument is moot.*

For the foregoing reasons, Gaudet's Motion is DENIED.

■ Although we recognize the Debtor's right to represent himself before this or any other Court, he is not immune or exempt from the operation of Fed. R.Bankr.P. 9011, and in our view Mr. Gaudet has in one way or another violated this rule in virtually every appearance here, including this one. The Supreme Court has held that Rule 11 is applicable to non-attor-

---

**1.** The only purpose for our reference to the Debtor's late filing was in ruling on *his* Motion to Strike the Trustee's Response, which, as the Debtor correctly points out, was *also* filed late. *In re Gaudet,* Bk. No. 82–00871, slip op. at n. 1 (where we overlooked the tardiness of *both* parties).

Although he should not need such prompting after all this time, we urge the Trustee to pay more attention to deadlines and other procedural details when dealing with Gaudet, and not continue to hand over, virtually on a platter, material which only encourages the silly argu-

ments we have had to endure and deal with throughout the pendency of the Gaudet cases.

**2.** In fact the Debtor himself asserted that May 21 was the deadline, in his letter to the Court of June 10, 1992 (which we treated as a Motion to Strike). *See supra* note 1.

**3.** The Notice of Appeal was filed by the Debtor on July 20, 1992 and the Record on Appeal was transmitted to the District Court on the following day. The instant motion was filed on August 18, 1992.

ney parties as well as to lawyers, *see Business Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, ——, 111 S.Ct. 922, 930, 112 L.Ed.2d 1140 (1991), and that once a Rule 11 violation occurs, the Court *must* enter an appropriate sanction. *See Chambers v. NASCO, Inc.*, —— U.S. ——, ——, 111 S.Ct. 2123, 2145, 115 L.Ed.2d 27 (1991); *Lancellotti v. Fay*, 909 F.2d 15, 18–19 (1st Cir.1990); *Anderson v. McGowan (In re Anderson)*, 128 B.R. 850, 855 (D.R.I.1991).

 Here, after review of his arguments, and in light of the cumulative and abusive effect of his conduct throughout this and related cases, we find that Gaudet again has violated Fed.R.Bankr.P. 11, by failing to have adequate legal or factual support for his position, and by again having improperly intended to create needless litigation.

This latest maneuver represents just a continuation of the Debtor's excessive and frivolous litigiousness, for which he was recently sanctioned in a related case, *see In re Gaudet*, 144 B.R. 223 (Bankr.D.R.I. 1992), and for which the United States Court of Appeals for the First Circuit also admonished him.[4] The fact that this Court has for too long indulged Mr. Gaudet is no reason to continue to do so, especially since there appears to be no end in sight to his pro se legal shenanigans. Accordingly, in the interest of achieving finality in this case,[5] and to avoid further unnecessary litigation, we adopt the same approach taken by the First Circuit. The clerk of court is directed not to accept any additional filings in this case from Enos Gaudet, with the exception of a notice of appeal and designation of record on this Order, if he in fact chooses to appeal. Any violation of this Order will subject Mr. Gaudet to monetary sanctions.

Enter Judgment consistent with this opinion.

---

**4.** The First Circuit said
"[t]his petition is frivolous. It is the third request seeking permission to file a petition for rehearing in banc. Our prior order of January 9, 1992 warned that such filings were sanctionable. Our September 10, 1991 order was to the same effect.... The clerk of court is directed not to accept any additional filings in this case from the petitioner."
*In re Gaudet*, No. 90–1328, slip op. at 1 (1st Cir. February 25, 1992).

**5.** If it appears that the Court is overreacting to Mr. Gaudet's behavior, it is important to bear in mind the travel of this 1982 Chapter 13 case. On July 10, 1991, six years after the case was closed, and while he had another Chapter 7 case pending (BK. No. 85–794), Gaudet filed a motion to reopen. The Court held a hearing on August 13, 1991, at the conclusion of which Gaudet was directed to amend his motion. He did so a month later, and that was followed by an additional objection from the Trustee. On October 11, 1991, without further hearing, the Court denied the amended motion.

On October 25, 1991, Gaudet filed a motion to reconsider that denial which was also denied. Gaudet then took an appeal of the denial of the motion to reconsider the order denying his motion to reopen. The District Court remanded for a written opinion. On May 11, 1991, we held a hearing on his motion to reconsider, which was followed by our disputed order of July 7, 1992, from which order Gaudet has taken yet another appeal. Since there are no further substantive issues remaining in this case, prohibiting Gaudet from filing additional pleadings will not prejudice him, but should avoid further unnecessary litigation.