In're Diane **FORTE**, Debtor.

**SILVER CITY, INC.**, Plaintiff,

v.

Diane **FORTE**, Defendant.

**Bankruptcy No. 92–11612.
Adv. No. 92–1146.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 26, 1992.

Daniel Schrock, Providence, R.I., for debtor, defendant.

Steven J. Drew, Wynn & Wynn, P.C., Raynham, Mass., for plaintiff.

Louis A. Geremia, Chapter 7 Trustee Cuzzone, Geremia & Civittolo, Providence, R.I.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Motion of the Debtor, Diane Forte, to Dismiss the Complaint of Silver City, Inc. to Determine the Dischargeability of a Debt, and Silver City's objection and request for a hearing. After reviewing the issues raised in the pleadings, we are satisfied that the issue is purely a legal one, and dispositive, and thus a hearing is not necessary. Accordingly, Silver City's request for oral arguments is DENIED, and we will decide the matter on briefs.

█ The Debtor notes that the Complaint was filed one day late, and is therefore time-barred. It is undisputed that Silver City received actual notice of the September 14, 1992 bar date for filing dischargeability complaints in this case, and that it missed this deadline by one day, filing its complaint on September 15, 1992. Silver City bases its request for relief on a mistaken belief as to the applicable deadline, which error it characterizes as "excusable neglect."[1]

█ The sole issue before us is whether this Court has any discretion under the applicable Federal Rules of Bankruptcy Procedure to permit the creditor to file a complaint under 11 U.S.C. § 523(c) out-of-time, without having obtained prior court authorization to do so, whether or not excusable neglect is shown. Having considered the applicable statutory and decisional authorities, we find no such grant of discretion and therefore must GRANT the Debtor's Motion to Dismiss.

Fed.R.Bankr.P. 4007(c), entitled "Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation," provides that:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code *shall* be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (emphasis added)

The last time we considered this issue was in *Cohen v. Lopez (In re Lopez)*, 39 B.R. 433 (Bankr.D.R.I.1984), which require an analysis of the former Bankruptcy Rules. In *In re Lopez*, 39 B.R. at 436, we held that if a plaintiff failed to timely file a complaint to determine dischargeability, or to seek an extension of time to do so within the 60 day period, "the Court may extend time only where the failure to file timely was the result of 'excusable neglect,'" citing to Rule 9006(b). This ruling has been criticized for having overlooked Rule 9006(b)(3). *In re Ivan Klein*, 64 B.R. 372, 376 (Bankr.E.D.N.Y.1986). Although we no longer have in mind which rule was in effect at the time we decided *In re Lopez*,[2] we now agree with the *Klein* Court that present Bankruptcy Rule 9006(b)(3) eliminates the "judicial prerogative or discretion

---

1. Silver City also argues that it *mailed* its Complaint to the Court within the applicable time deadline, but that the Complaint was not received by the Court until one day later. We have recently discussed this issue in *In re Gaudet*, 146 B.R. 323, 323-24 (Bankr.D.R.I.1992), and held therein that "'service by mail' relates precisely to that—*service* on a party, not *filing* with the Court. Also, the accomplishment of

service by mailing pursuant to Rule 9006(e) again relates to *service*, and not *filing*, particularly where the filing deadline is ordered by the Court." *Id.* at 324.

2. Unlike the present Bankruptcy Rules, the former Bankruptcy Rules permitted bankruptcy courts to grant such extensions upon a showing of excusable neglect. *In re Klein*, 64 B.R. at 375.

to extend the time for filing complaints relating to discharge or dischargeability when the request for an extension is made after the expiration of time limitations provided in Bankruptcy Rules 4004(a) and (b) and 4007(c)." *Id.* at 375–376.

The current Bankruptcy Rule 9006(b)(3) provides that:

> "Enlargement Limited. The court may enlarge the time for taking action under Rules ... 4007(c) ..., *only to the extent and under the conditions stated in those rules.*"

Our reading of the pertinent language coincides with that of Judge Pereira in *In re Klein,* and we join in his holding that:

> Bankruptcy Rule 9006(b)(3) thus makes clear that Bankruptcy Rules 4004 and 4007 are independent, self-standing provisions, not only fixing deadlines for taking steps to raise discharge or dischargeability issues, but also governing enlargement of such deadlines, without regard to the general enlargement provisions and excusable neglect concept contained in Bankruptcy Rule 9006(b)(1). More succinctly stated, 'Rule 9006(b)(1) and 9006(b)(3) are plainly intended to be mutually exclusive.' "

*Id.* at 374 (citing *Vaccariello v. Lagrotteria,* 43 B.R. 1007, 1013 (D.C.N.D.Ill.1984)).

Based upon the foregoing, this Court is not authorized to consider the explanation proffered by Silver City for having filed its Complaint one day late, as the defense of excusable neglect is not available in these circumstances. Accordingly, since no discretion exists in these circumstances, the Debtor's Motion to Dismiss is GRANTED.

Enter Judgment consistent with this opinion.