In re John T. SHEEHAN, Jr., Linda H. Sheehan, Debtors.

Bankruptcy No. 91–13024.

United States Bankruptcy Court, D. Rhode Island.

April 19, 1993.

---

David A. Schechter, Providence, RI, for debtors.

William J. Corcoran, Corcoran Peckham & Hayes, P.C., Newport, RI, for creditor J.E.M. Co.

Marc Wallick, Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on Creditor, J.E.M. Co., Inc.'s Motion for Relief From Stay, wherein J.E.M. Co. seeks authorization to add the Debtor, John Sheehan, as an indispensable party to a fraud action pending in the Rhode Island Superior Court. Sheehan objects on the ground that any debt owed by him to J.E.M. Co. was discharged in the Chapter 7 bankruptcy. At issue is whether Sheehan waived his right to discharge of the debt in question, by his letter to J.E.M. Co. dated December 5, 1991. Upon review of the pleadings and arguments of counsel, we conclude as follows:

1) Said letter, written by Sheehan during the pendency of this bankruptcy case, does not equate to a waiver of discharge under 11 U.S.C. § 727(a)(10).[1] J.E.M. Co. argues that Sheehan's statement in the letter referring to its claim against him constitutes Sheehan's intention to waive his right to discharge as to this particular debt. The pertinent language reads, "[a]t least in the event that I were to convert to a Chapter 7 petition in the future, *this debt* will remain alive and my financial position in that event will be much better." (emphasis added.)

While the equities may be with the Creditor in these particular circumstances, we are called upon here to make a legal determination, and this language may not operate as a waiver of discharge under 11 U.S.C. § 727(a)(10), because that section requires the debtor to waive the discharge with respect to *all* debts. *Chilcoat v. Minor (In re Minor),* 115 B.R. 690, 692–94 (D.Colo.1990); 4 Collier on Bankruptcy ¶ 727.12, at 727–88 to 727–89 (15th Ed. 1993). Clearly the alleged "waiver" which deals with J.E.M. Co. alone, does not satisfy this requirement.

2) In order to exempt J.E.M. Co.'s specific debt from discharge, Sheehan would have had to reaffirm the debt pursuant to 11 U.S.C. § 524 by adhering to detailed procedures. *See* 11 U.S.C. § 524(c); 4 Collier on Bankruptcy ¶ 727.12, at 727–88 to 727–89 (15th Ed.1993). Nothing in the record indicates that Sheehan attempted to reaffirm this debt.

3) Finally, J.E.M. Co. argues that although it had knowledge of Sheehan's bankruptcy, it did not participate in the case because it reasonably relied on Sheehan's assurances that he would not seek to discharge his obligation to it. J.E.M. Co.'s reliance has caused it to miss the deadline for filing complaints to determine dischargeability of debts, and it asks that the time for filing such complaints be enlarged.

We have addressed this issue in *Silver City, Inc. v. Forte (In re Forte),* 146 B.R. 592 (Bankr.D.R.I.1992), holding that "present Bankruptcy Rule 9006(b)(3) eliminates the 'judicial prerogative or discretion to extend the time for filing complaints relating to discharge or dischargeability when

---

1. Section 727(a)(10) of the Code states:

   (a) The court shall grant the debtor a discharge, unless—

   .      .      .      .      .

   (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

   11 U.S.C. § 727(a)(10).

the request for an extension is made after the expiration of time limitations provided in Bankruptcy Rules 4004(a) and (b) and 4007(c).' " *Id.* at 593–94 (citations omitted). Accordingly, where as here, a creditor is seeking to file a complaint to determine the dischargeability of a debt *after* the expiration of the time for filing such complaints, and based upon the facts in this proceeding, we lack discretion under Bankruptcy Rule 9006(b) to allow an enlargement of that deadline, notwithstanding the Debtor's conduct.[2]

For the foregoing reasons, J.E.M. Co., Inc.'s Motion for Relief from Stay is DENIED.

Enter Judgment consistent with this opinion.

---

**2.** *But see In re Santos,* 112 B.R. 1001 (Bankr. 9th Cir.1990), holding that the doctrine of Equitable Estoppel will allow for the expansion of the time limits set forth in Bankruptcy Rules 4004(a) and (b), 4007(c), and 9006(b) after the initial time for filing the complaint has expired. The doctrine requires creditor's reasonable reliance on debtor's conduct or words in creditor's forebearing from taking the necessary steps to file a timely complaint.