In re Robert F. HATCH, Debtor.

Arthur HECHT, Plaintiff,

v.

Robert F. HATCH, Defendant.

Robert and Marianne PEPPER,
Plaintiffs,

v.

Robert F. HATCH, Defendant.

Bankruptcy No. 94–40771.

Adv. Nos. 94–4223, 94–4224.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 8, 1994.

Susan L. Burns, for debtor.

Kirk Whitaker Jones, for plaintiffs.

## MEMORANDUM

HENRY J. BOROFF, Bankruptcy Judge.

The issues before the Court concern (1) the adequacy of notice to a creditor of a bankruptcy filing, and (2) the bankruptcy court's discretion to extend the deadline for filing complaints objecting to a debtor's discharge and to nondischargeability of a claim, after the expiration of the filing deadline.

## A. PROCEDURAL HISTORY

The facts involved in this case are not complex, notwithstanding the glut of pleadings filed pursuant to the instant dispute.

Robert F. Hatch (the "Debtor" or the "Defendant") filed a petition under Chapter 7 of the Bankruptcy Code in this Court on February 2, 1994. Pursuant to Bankruptcy Rule 4007, the deadline in which complaints objecting to discharge and the dischargeability of claims could be filed was set for June 3, 1994.

On June 28, 1994, Robert and Marianne Pepper, through their counsel, Mr. Kirk Whitaker Jones ("Jones"), filed an "Ex parte Motion for Extension of Time to File a Complaint to Determine the Dischargeability of Plaintiff's Claim." Also on June 28, 1994, Arthur Hecht, through his counsel, also Mr. Jones, filed an "Ex parte Motion for Extension of Time to File a Complaint to Determine the Dischargeability of Plaintiff's

Claim." (The said motions will hereinafter be referred to as the "Extension Motions.") Each of the Extension motions was accompanied by a complaint which was immediately assigned an adversary number by the Clerk's office. The Court scheduled the Extension Motions for hearing on August 17, 1994 in Springfield, Massachusetts and directed counsel for the above-named plaintiffs (the "Plaintiffs") to serve the Extension Motions and the notices of hearing on the Debtor.

The Debtor responded on July 18, 1994, by filing a "Motion to Dismiss Complaint with Prejudice" in each of the adversary proceedings (the "Dismissal Motions"). The Dismissal Motions were also marked for hearing on August 17, 1994. On August 1, 1994, the Debtor filed in each of the adversary proceedings a "Motion by Defendant Robert F. Hatch to Strike Plaintiff's Ex Parte Motion for Extension of Time to File a Complaint to Determine the Dischargeability of Plaintiff's Claim, and for Sanctions and Costs" (the "Motions to Strike"). Because the Motions to Strike were little more than oppositions to the Extension Motions, they were also scheduled for hearing on August 17, 1994. On August 15, 1994, two days before the hearing, the Plaintiffs filed memoranda of law and affidavits in support of their Extension Motions and the Defendant immediately responded with motions to strike the memoranda and affidavits as untimely filed.

At the beginning of the hearing on August 17, 1994, Mr. Jones made an oral motion for leave, nunc pro tunc, to file late the memoranda and affidavits in support of the Extension Motions. Debtor's counsel argued that the Court should strike the memoranda and supporting affidavits filed by the Plaintiffs because counsel for the Plaintiffs failed to comply with Local Bankruptcy Rule 26(A)(2). Local Rule 26(A)(2) provides:

A party making a motion may file, simultaneous to the filing of the motion, a separate memorandum of reasons why the motion should be granted. The memorandum must be served with the motion. Any affidavit and other documents supporting the motion must be filed and served with the motion. Memoranda not filed simultaneously may be filed only with leave of court.

Local Rule 26(A)(2), U.S. Bankruptcy Court, District of Massachusetts. The Court "regrettably" denied the Defendant's motions to strike the memoranda and affidavits and allowed the late filing of the memoranda and affidavits on the grounds that counsel for the Debtor did in fact receive them in sufficient time to review them and respond, and because they did not appear to address particularly complex issues of law.

After hearing the parties at length, the Court took the Extension Motions, the Dismissal Motions and Motions to Strike under advisement. Approximately two days after the hearing, the Debtor filed a "Motion for Leave to File Memorandum of Law in Opposition to Plaintiffs' Memoranda in Support of their Ex Parte Motions to Extend Time for Filing Complaints Objecting to Dischargeability" in each of the adversary proceedings. The Plaintiffs responded by filing a "Motion for Leave to File Memorandum of Law in Opposition to Debtor/Defendants' Motion to Dismiss Complaint with Prejudice" in each of the adversary proceedings. These motions were allowed by the Court.

## B. POSITIONS OF THE PARTIES

Through their various motions and memoranda, Plaintiffs assert that they should be entitled to file a complaint under 11 U.S.C. § 523 after the expiration of the deadline for filing nondischargeability complaints because they did not receive actual notice of the pendency of the Chapter 7 case until the week of June 20, 1994, approximately three weeks after the filing deadline of June 3, 1994.

■ The Plaintiffs concede that, at the time of the commencement of the Chapter 7 case, Mr. Jones represented each of the Plaintiffs in litigation pending in the Superior Court of the Commonwealth of Massachusetts,[1] with respect to the same claims sought to be determined nondischargeable in these

---

1. At the time of the bankruptcy filing, there were two motions for summary judgment pending in the Superior Court.

adversary proceedings. The Plaintiffs also concede that they were listed in the Bankruptcy Schedules to the attention of Mr. Jones and that Mr. Jones received timely notice of the commencement of the case.[2] However, they claim that they received no notice directed to them personally and received no actual notice of the Chapter 7 filing from Mr. Jones until he contacted them on or about June 20, 1994.

Mr. Jones filed two affidavits in support of the Extension Motions. In his initial affidavit, dated June 23, 1994 (the "First Affidavit"), filed in each of the adversary proceedings, Mr. Jones states that he is the attorney of record for the Plaintiffs and attended the initial and then a continued Section 341 meeting (April 4, 1994 and April 18, 1994, respectively) on behalf of the Plaintiffs and had been corresponding with the Trustee regarding his knowledge of the Debtor's past actions.

In his later filed affidavit, dated August 9, 1994 (the "Second Affidavit"), Mr. Jones alleges that, after receiving notice of the Chapter 7 filing (at some time prior to April 4, 1994), he was contacted by an individual named Isadore Goodman, a client who was also a creditor of the Debtor. Mr. Goodman requested that Mr. Jones attend the Section 341 meeting on his behalf. Mr. Jones stated that he attended the first scheduled Section 341 meeting *on behalf of* Mr. Goodman and not on behalf the Plaintiffs. With respect to the Plaintiffs, Mr. Jones states that he attended the first and continued Section 341 meetings "only acting in [his] capacity as the Plaintiffs' attorney in the Superior Court action."

Explaining a notice of appearance which Mr. Jones filed in the instant Chapter 7 case on the Plaintiffs' behalf on May 2, 1994, Mr. Jones states that he "naively" filed that notice of appearance and request for service of notice "without ... knowledge that the Plaintiffs' [sic] had not received Notice of the Commencement of the case." He also adds

that at no time did he submit a bill for services rendered in connection with the bankruptcy. However, he admits that he consulted with the Trustee on the availability of assets to satisfy any judgment awarded to the Plaintiffs' in the Superior Court action.

Finally, Mr. Jones submits that on June 20, 1994, he spoke to another creditor's counsel, Attorney L. Mark Watkins, who informed Mr. Jones of the June 3, 1994 deadline for filing complaints objecting to the debtor's discharge. Mr. Jones related as follows the specifics of his conversation with Mr. Watkins:

> I confessed my ignorance of this fact, stating that I thought creditors had 90 days in which to file a dischargeability complaint. He stated that he filed the complaint for his clients on the last day. He faxed me a copy of his complaint. That same day I called my client. I asked him if he had received notice of the bankruptcy case. He stated no. I asked him if he wanted to pursue the Debtor independently of the corporation. He stated yes. I asked him if he wanted me to represent him and he also stated yes. It was not until this time almost three weeks after the bar date that I had actual authority to appear on behalf of the Plaintiff.

Affidavits of the Plaintiffs were also submitted in support of their Extension Motions. In his affidavit, dated August 9, 1995, Arthur Hecht states:

> [s]ome time during the week of June 20, 1994, I received a telephone call from Mr. Jones. He asked me if I has received notice that Mr. Hatch declared bankruptcy. I had not and I told him so. He asked me if I wanted to pursue Mr. Hatch, the Debtor, independently of the corporation and I told him I did. He wanted to know if I wanted him to work for me in the bankruptcy action. I told him yes.[3]

---

2. It is not uncommon for debtor's counsel to list a creditor in bankruptcy schedules to the attention of the creditor's counsel when that counsel has been previously identified. This practice often leads to more effective notice to the subject creditor and is also an act of professional courte-

sy. Obviously, however, the better practice is to list both the creditor *and* the creditor's counsel.

3. Affidavit of Arthur Hecht, filed August 15, 1995, in support of Plaintiffs' Extension Motions.

In his affidavit, dated August 11, 1994, Robert Pepper states:

[a]t some time during the week of June 20, 1994, I received a telephone call from Mr. Jones. He asked me if I had received notice that the Debtor/Defendant had declared bankruptcy. I did not receive any notice and told him. He asked if I wanted to pursue the Debtor/Defendant independently of the corporation and I told him I did. He also wanted Mr. Jones [sic] to *continue* representing me and my wife. I felt that even though we have a judgment against the corporation, Berkshire Chalet, it would also be more helpful to get a judgment against the Debtor/Defendant individually.[4]

In summary, Plaintiffs argue that since Mr. Jones was not *authorized* to represent the Plaintiffs in connection with the Debtor's bankruptcy proceeding until June 20, 1994, the notice sent to Mr. Jones, in or around March, 1994, was not adequate or sufficient notice to the Plaintiffs of the commencement of the Chapter 7 case.

The Debtor argues that noticing Plaintiffs' counsel was sufficient and adequate because Mr. Jones was representing the Plaintiffs in Superior Court litigation at the time of the commencement of the bankruptcy case. The Debtor further argues that if the Court finds that notice of the commencement of the bankruptcy filing was sufficient and adequate, then the complaints should be dismissed as a matter of law since the Court has no discretion to extend the deadline of filing complaints objecting to discharge after the expiration of the deadline.

---

4. Affidavit of Robert J. Pepper, filed August 15, 1994, in support of Plaintiffs' Extension Motions. (emphasis supplied).

5. Section 523(a)(3) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
...
  (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

## C. DISCUSSION

### (1) Sufficiency of Notice under § 523(a)(3)

Section 521 of the Bankruptcy Code sets forth the debtor's duties upon filing a petition in bankruptcy. *See* 11 U.S.C. § 521. The first enumerated duty set forth in subsection (1) of § 521 is that the debtor *shall* file a list of creditors. *Id.* Bankruptcy Rule 1007 mirrors this requirement and more specifically provides that "[i]n a voluntary case, a debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities." Fed.R.Bankr.P. 1007. Most courts agree that the burden is on the debtor to exercise reasonable diligence in completing the schedules and list of creditors. *See e.g. Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier)*, 71 B.R. 212, 215 (9th Cir. BAP 1987); *In re Robertson*, 13 B.R. 726, 731 (Bankr.E.D.Va.1981).

Section 523(a)(3)(A) and (B) excepts from discharge any debt neither listed nor scheduled under section 521(1) in time to permit filing of a proof of claim, and, if the debt is of the kind specified under paragraph (2), (4) or (6), of § 523(a), in time to file a complaint objecting to the dischargeability of such debt. *See* 11 U.S.C. § 523(a)(3).[5] However, § 523(a)(3) provides that if a creditor "had notice or actual knowledge of the case in time" to file a proof of claim or a nondischargeability complaint, then the debt is discharged, notwithstanding the improperly listed debt.

The Plaintiffs remind the Court that, in addition to the statutory requirements under the Code, the due process clause of the Fifth Amendment of the United States Constitution mandates the Debtor to notify each

(A) if such debt is not of kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]
11 U.S.C. § 523(a)(3).

creditor of the commencement of the bankruptcy proceeding. *See In re Fauchier,* 71 B.R. at 215. The Supreme Court has stated "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). However, the issue before the Court is not whether the Plaintiffs are entitled to notice. Plaintiffs' counsel admits that he received notice of the bankruptcy filing well before the deadline for objecting to the Debtor's discharge. Instead, the question is whether the notice to Plaintiffs' counsel, who was representing the Plaintiffs in pending state court litigation at the time of bankruptcy filing, should be imputed to the Plaintiffs.

It has generally been held that notice to a creditor's attorney of a bankruptcy filing will be sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the debtor. 3 COLLIER ON BANKRUPTCY, § 523.13 (15th ed. 1988). *See Lompa v. Price (In re Price),* 79 B.R. 888 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1989) (notice of bankruptcy filing to creditor's attorney was sufficient for purposes of § 523(a)(3) where attorney represented creditor in the underlying state court action on the claim that creditor sought to except from discharge); *In re Van Cloostere,* 94 B.R. 131 (Bankr.S.D.Ill.1988) (notice to Department of Agriculture's attorney was sufficient as the Department's attorney was employed to represent the Department and the Director in fulfilling their statutory duties, including enforcement of rights under the guaranty with the debtors); *Pure in Heart Baptist Church v. Fulton (In re Fulton),* 3 B.R. 600, 603–04 (Bankr. E.D.Mich.1980), *rev'd on other grounds,* Nos. 78–92458, 80–72788, 1980 WL 95629 (E.D.Mich. Nov. 14, 1980) (attorney representing creditor in action affected by bankruptcy proceeding is impliedly authorized to receive notice on creditor's behalf regarding the action); *see also Western Bank v. Silver (In re Silver),* 107 B.R. 328, 329 (Bankr. D.N.M.1989); *Grossie v. Sam (In re Sam),* 94 B.R. 893, 894 (Bankr.W.D.La.1988), *aff'd,* 894 F.2d 778 (5th Cir.1990).

The rationale for this rule was explained in *Devers v. Frankina (In re Frankina),* 29 B.R. 983 (Bankr.E.D.Mich.1983). The Michigan bankruptcy court stated:

[j]ustification for imputing the attorney's knowledge of the Bankruptcy case to his client in cases where an attorney has been retained to collect the debt scheduled in the bankruptcy proceeding is readily apparent. The filing of a bankruptcy petition has a material impact on how an attorney, retained to prosecute a client's claim, must proceed to adequately represent that client. When an attorney who represents a creditor in an action to collect a debt receives knowledge of the debtor's bankruptcy filing, he has to decide how to proceed to enforce the judgment he obtained. Notice to the attorney is the kind of notice that best insures that the creditor's interest will be protected.

*Id.* at 986.

There have been some exceptions to this general rule. For example, notice sent to creditor's attorney on behalf of another client's creditor was not deemed sufficient notice of the bankruptcy filing. *See Maldonado v. Ramirez,* 757 F.2d 48 (3d Cir.1985). Additionally, notice to an attorney who represented creditor in state court, but *not* in a matter respecting debt collection, was not sufficient notice under § 523(a)(3). *See In re Fauchier,* 71 B.R. 212.

Mr. Jones admits that he received timely notice of the Chapter 7 filing from Debtor's counsel and that he was representing the Plaintiffs in state court with respect to the same claims he was seeking to except from discharge under § 523. Moreover, Mr. Jones admits that he attended two 341 meetings, although purportedly not behalf of the Plaintiffs, and that he filed a notice of appearance on behalf of the Plaintiffs approximately thirty days prior to the deadline for filing nondischargeability complaints, although allegedly not with actual authority from the Plaintiffs.

Mr. Jones' actions taken in connection with this case speak louder than the words of his affidavits, containing averments that are confusing, contradictory and deserving of moderate skepticism. The Plaintiffs ask the Court to excuse their failure to timely file § 523 Complaints by converting Debtor's counsel's act of professional courtesy into a professional error. Under the circumstances set forth above, the Court chooses not to do so. In view of the applicable case law set forth above, the Court finds and rules that the Plaintiffs received sufficient notice and timely notice of the Chapter 7 filing for the purposes of § 523(a)(3).

*(2) Extension of the Deadline under Bankruptcy Rule 4007(c)*

■ The second issue before the Court centers on whether the Court has jurisdiction to extend the deadline for filing a nondischargeability complaint after the expiration of the deadline. Bankruptcy Rule 4007(c) governs the applicable time limitations for filing a complaint under § 523(c) and the method for granting extensions of the nondischargeability deadline:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed no later that 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made *before* the time has expired.

Fed.R.Bankr.P. 4007(c) (emphasis supplied).

Bankruptcy Rule 9006(b) governs the enlargement of time limitations for taking actions required under the Rules or by order of the Court. *See* Fed.R.Bankr.P. 9006(b).[6] Although subsection (b)(1) provides that an excusable neglect standard may be generally utilized to enlarge a time period after the expiration deadline. Subsection (b)(3) excludes the application of that standard to the enlargement of the time period under Rule 4007(c). *See Id.* The Court's ability to extend the deadline for filing a nondischargeability complaint is expressly limited "only to the extent and under conditions stated in [Rule 4007(c)]." *Id.* As indicated above, Rule 4007(c) provides that a request to extend the time for filing a complaint under § 523(c) must be filed *prior* to the expiration of the deadline. Fed.R.Bankr.P. 4007(c).

Notwithstanding the explicit language of Rule 4007(c), the Plaintiffs argue that the Court maintains discretion to enlarge the time for filing complaints under § 523(c) after the expiration of the deadline if "excusable neglect" is shown.

This Court is inclined to follow Judge Caffrey's ruling in *Dole v. Grant (In re Summit Corporation),* 109 B.R. 534 (D.Mass.1990). In the *Summit Corporation* case, the Secretary of Labor filed several adversary complaints under § 523(a)(4) against the debtor, approximately one year after the deadline for filing complaints under § 523(c). The debts arose from the Chapter 7 trustee's adversary complaints to avoid fraudulent transfers and preferential transfers to the trustees of certain pension plans. However, shortly after the Chapter 7 filing, the Secretary of Labor had notified the bankruptcy court of pending ERISA litigation in the United States District Court against the debtor, and also filed a contingent, unliquidated proof of claim

---

**6.** Rule 9006(b) provides:

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rule or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.

(3) *Enlargement Limited.* The Court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b).

based on the ERISA complaint. In response to a motion to dismiss filed by the debtor, the Secretary of Labor argued that she had no actual knowledge of the contingent debt potentially owed by the defendants to the pension plans on account of the debtor's fraud or defalcation. *Id.* at 537.

Judge Caffrey found that the Secretary of Labor had "notice or actual knowledge" of the commencement of the Chapter 7 case sufficient for the timely filing of a request to extend the deadline for filing a § 523(c) complaint, even though the trustee did not file the adversary complaints until after the expiration of the nondischargeability deadline. *Id.* Judge Caffrey ruled that only § 523(a)(3)(B) excuses the late filing of a complaint under § 523(c). *Id.* Although the debts were unlisted and unscheduled in time to permit a timely filing of a complaint under § 523(c), the court found that the Secretary of Labor had knowledge of the debt because she filed a proof of claim on her ERISA claim, which arose out of the same set of facts as the claim for fraud under § 523(a)(4). *Id.*

The *Summit Corporation* decision addressed the court's discretion to extend to grant extensions after the expiration of the Rule 4007(c)'s deadline as follows:

> Unlike the Old Bankruptcy Rules which gave the court discretion to allow late filing and granting extensions, Rule 4007(c) is strictly interpreted.... The exception found in § 523(a)(3)(B) is the only exception to the time limitation and conditions of Rule 4007(c). This strict limitations period, mandated by Rule 4007(c) and Rule 9006(b)(3), is designed to further the fresh start goals of bankruptcy relief by requiring creditors to promptly join their objections to discharge in order that the debtor and other participants in the proceedings may enjoy finality and relief.

*Id.*

In another First Circuit bankruptcy decision, *In re Gray,* 156 B.R. 707 (Bankr.D.Me. 1993), Judge Haines also ruled that a motion for extension of time to file a nondischargeability complaint must be filed *before* the expiration of the filing deadline. The *Gray* decision addresses the Supreme Court's recent application of an "excusable neglect" standard to the deadline for filing of proofs of claim under Rule 9006(b)(1) in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership (In re Pioneer Investment Services Co.),* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The *Pioneer* decision explained that excusable neglect "contemplate[s] that the court would be permitted, *where appropriate,* to accept late filings caused by inadvertence, mistake, or carelessness, as well as by the intervening circumstances beyond the party's control." *In re Gray,* 156 B.R. at 710, *quoting, In re Pioneer Investment Services Co.,* —— U.S. at ——, 113 S.Ct. at 1495 (emphasis supplied). Judge Haines emphasized, however, that "not all circumstances are appropriate for application of the excusable neglect standard.... Rule 9006(b)(3) makes no allowance for excusable neglect." *Gray,* 156 B.R. at 710. Noting that the factual circumstances surrounding the case before him would qualify as "excusable neglect", the court felt constrained by the express prohibition of Rule 9006(b)(3) which makes excusable neglect unavailable as a basis for excusing an untimely filing under § 523. *Id.* at 711.

Finally, this Court observes that a vast number of courts have strictly applied the procedure governing time limitations and extensions thereto under Rule 4007(c). *See e.g., Kelly v. Gordon (In re Gordon),* 988 F.2d 1000, 1001 (9th Cir.1993); *Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir.1987); *Dollinger v. Poskanzer (In re Poskanzer),* 146 B.R. 125 (D.N.J.1992); *Nat'l Union Fire Ins. Co. v. Rockmacher (In re Rockmacher),* 125 B.R. 380, 383 (S.D.N.Y.1991); *Biederman v. Oury, DeClemente & Mizdol (In re Biederman),* 165 B.R. 783 (Bankr.D.N.J. 1994); *Town of Nottingham v. Diberto (In re Diberto),* 136 B.R. 24 (Bankr.D.N.H.1992); *Austin Farm Center, Inc. v. Harrison (In re Harrison),* 71 B.R. 457, 459 (Bankr.D.Minn. 1987).

In view of the foregoing, Plaintiffs' complaints must be dismissed as they were untimely filed pursuant to Fed.R.Bankr.P. 4007(c).

### D. CONCLUSION

The Extension Motions are denied and the Dismissal Motions and Motions to Strike are allowed in each of the adversary proceedings. Debtor's request for sanctions and costs are denied. Separate orders will issue consistent with this Memorandum.