**In re Bruce E. THUNBERG, Debtor.**

**Wakefield Mill Building, Inc., Plaintiff,**

**v.**

**Bruce E. Thunberg, Defendant.**

**Bankruptcy No. 00–12818.
Adversary No. 00–1172.**

United States Bankruptcy Court, D. Rhode Island.

June 15, 2001.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtor/Defendant.

Charles S. Beal, Cameron & Mittleman LLP, Providence, RI, for Plaintiff.

Marc Wallick, Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Defendant/Debtor's Motion to Dismiss the captioned Adversary Proceeding, on the ground that the Complaint was filed beyond the deadline set according to Fed. R. Bankr.P. 4007. The Plaintiff acknowledges the late filing, but argues that it should be excused because it relied on statements of Debtor's counsel at a prior Court hearing. For the following reasons, I find that the doctrine of equitable tolling is inapplicable, and grant the Motion to Dismiss.

## TRAVEL AND BACKGROUND

On August 11, 2000, Bruce Thunberg filed a petition under Chapter 7 of the Bankruptcy Code, and on September 12, 2000, the Chapter 7 Trustee, after conducting a Section 341 hearing, "continued the meeting generally." On September 21, 2000, the Debtor filed a motion to conclude the Section 341 meeting, and on October 12, 2000, Wakefield Mill Building, Inc. ("WMB") filed a motion to enlarge the time within which to object to the Debtor's claimed exemptions. On October 26, 2000, a hearing was held on both the Debtor's motion to conclude the 341 meeting and WMB's motion to enlarge the time within which to file objections to exemptions. At the hearing the parties represented that they had resolved the matter, and on November 28, 2000, an order presented by the parties entered, stating that the Section 341 meeting was concluded on November 7, 2000. *See* Order, Docket No. 18. On November 22, 2000, WMB withdrew its motion to extend the time within which to object to Debtor's exemptions, stating:

> In light of the agreement between Debtor and the Trustee, stated on the record, that the 341 A Meeting would conclude on November 7, 2000 and the appropriate statutes of limitation pertaining to objections to exemptions and objections to discharge would run from that date, Wakefield Mill Building, Inc. withdraws its Motion to Enlarge Time as moot.

Withdrawal of Motion, Docket No. 17.

According to the Notice of Commencement of Case, the deadline to file complaints to determine the dischargeability of debts was November 13, 2000. On December 7, 2000, WMB filed the Complaint in question.

## DISCUSSION

■ The time for filing complaints to determine the dischargeability of debts in a Chapter 7 case is governed by Fed. R. Bankr.P. 4007, which states:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr.P. 4007(c). It is undisputed that a motion to extend the time within which to file dischargeability complaints was not filed before the expiration date. This, and most other courts, have consistently held that once the deadline expires, and where a timely motion to extend time has not been filed, the Court lacks authority thereafter to extend the time to file dischargeability complaints. *See Silver City, Inc. v. Forte (In re Forte )*, 146 B.R. 592 (Bankr.D.R.I.1992); *see also In re Donald,* 240 B.R. 141, 146 (1st Cir. BAP 1999).

■ WMB argues, however, that equitable tolling should save the day, because it (WMB) confused the extension of the objection deadline to the Debtor's exemption claim, with a request to extend the time to file dischargeability complaints under Rule 4007(c). The former is governed by Fed. R. Bankr.P. 4003(b) which states: "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days *after the conclusion of the meeting of creditors* held pursuant to Rule 2003(a)." (emphasis added). When the Trustee continued the Section 341 meeting "generally", a question arose as to when the objection to exemptions deadline would expire, so WMB requested an extension of the time within which to object to the Debtor's exemptions. Nowhere in its Motion did WMB seek an extension of the dischargeability deadline, nor was that an

issue at the October 26, 2000 hearing. The only determination made at that hearing was that the Section 341 meeting of creditors would be deemed concluded on November 7, 2000, for purposes of the objection to exemption deadline, and the parties entered a consent agreement to that effect.[1]

WMB's impression that the deadline for filing dischargeability complaints is somehow tied to the conclusion of the Section 341 meeting is more akin to an excusable neglect claim, than as a basis for the invocation of equitable tolling. Even assuming that excusable neglect were the reason for WMB's late filing, that ground is not available in these circumstances to undo the tardy filing. I agree with Judge Jerome Feller of the Eastern District of New York, who said in 1986 that " 'Bankruptcy Rule 9006(b)(3) thus makes clear that Bankruptcy Rules 4004 and 4007 are independent, self-standing provisions, not only fixing deadlines for taking steps to raise discharge or dischargeability issues, but also governing enlargement of such deadlines, without regard to the general enlargement provisions and excusable neglect concept contained in Bankruptcy Rule 9006(b)(1).' " *Forte,* 146 B.R. at 594 (*quoting In re Ivan Klein,* 64 B.R. 372, 374 (Bankr.E.D.N.Y.1986)).

For the reasons discussed herein, the Debtor's Motion to Dismiss is GRANTED.

Enter judgment consistent with this opinion.

---

1. Counsel for WMB suggests that Debtor's counsel stated during the October 26, 2000 hearing, that the deadline to file dischargeability complaints would also run from November 7, 2000. We have listened to the record of the entire hearing and find no such representation. The Debtor was clear that he was only seeking a *conclusion* of the Section 341 meeting, so that any statutes of limitation tied to the *conclusion* of the Section 341 meeting would commence as of that date. As noted above, the deadline for filing dischargeability complaints is not linked to the *conclusion* of the Section 341 meeting.