**In re Mark N. RINDE and Linda M. Rinde, Debtors.**

**Akim Demirgioglu and George Blacksmith, Plaintiffs,**

v.

**Mark N. Rinde and Linda M. Rinde, Defendants.**

**Bankruptcy No. 00–13857. Adversary No. 01–1046.**

United States Bankruptcy Court, D. Rhode Island.

April 19, 2002.

---

**2.** The nondischargeability of this support obli-      gation is not in dispute.

Geoffrey A. Regan, Kirshenbaum & Kirshenbaum, Cranston, RI, for Debtors/Defendants.

Robert A. Mitson, Mitson Law Associates, Woonsocket, RI, for Plaintiff.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, Chapter 7 Trustee.

### *ORDER GRANTING MOTION TO DISMISS*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtors' Motion to Dismiss the above captioned adversary proceeding, on the ground that it was brought after the deadline for filing such actions. The Plaintiffs object, arguing that the statute of limitations was waived when the issue was not raised earlier in the case as an affirmative defense. The parties have briefed their respective positions and the matter is ripe for disposition. For the reasons discussed below, which lead us to conclude that the limitations period in Fed. R. Bankr.P. 4007(c) is jurisdictional, the Motion to Dismiss is granted.

### *BACKGROUND*

On November 14, 2001, Mark and Linda Rinde filed a petition under Chapter 7 of the Bankruptcy Code, and on December 5, 2001, the Section 341 First Meeting of Creditors was held. The deadline for filing complaints objecting to discharge and/or to determine the dischargeability of certain debts was February 5, 2001. Through oversight, the Plaintiffs were not listed as creditors in the original petition. Subsequently, the Debtors filed a motion

to amend their schedules to add the Plaintiffs as creditors, and by Order dated January 30, 2001, the motion was granted. By the same Order the Plaintiffs/creditors were allowed until April 2, 2001, to file complaints objecting to discharge and/or to determine the dischargeability of their debt.

After being added as creditors, the Plaintiffs contacted the Chapter 7 Trustee raising questions about money the Debtor Linda Rinde allegedly received in a personal injury action prior to her bankruptcy filing. While the Trustee was investigating the allegations, he sought several extensions of the deadline to object to the Debtors' discharge under 11 U.S.C. § 727. Based upon the Trustee's ongoing investigation, the Plaintiffs sought and obtained an extension to object to the Debtors' discharge until May 15, 2001. On April 30, 2001, after the Trustee's last extension expired, he filed a no asset report closing out his involvement in the bankruptcy case.

None of the requests for extension of time, either by the Trustee or the Plaintiffs, referenced 11 U.S.C. § 523, and the parties agree that the time to file complaints under § 523 expired for the creditors originally listed in the petition on February 5, 2001, *and* for the Plaintiffs herein, on April 2, 2001.

On May 15, 2001, forty-two days after the April 2 deadline, the Plaintiffs filed the instant Complaint seeking a determination under 11 U.S.C. § 523(a)(2)(A) that certain debts owed by the Debtors to the Plaintiffs are not dischargeable. The Debtors answered the Complaint on June 18, 2001, but did not plead the late filing of the complaint as an affirmative defense.

Now, five months later, the Debtors file this Motion to Dismiss, on the ground that the Complaint was not timely filed under Fed. R. Bankr.P. 4007(c). The Plaintiffs oppose the motion, arguing that the Debtors waived the late filing by failing to affirmatively include it within their Answer, and by allowing five months to pass before raising the issue.

### *DISCUSSION*

■ The issue is whether the time limit provided for in Rule 4007(c) is jurisdictional, or whether it is procedural and therefore subject to waiver. The answer to this question is dispositive, for if the rule is jurisdictional, the time limit cannot be waived and the Complaint must be dismissed as untimely filed. If, however, the rule serves a lesser function, then it can be waived by failing to timely raise the defense.

Rule 4007(c) states in pertinent part:

A complaint to determine the dischargeability of a debt under § 523(c) *shall* be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).... On a motion of a party in interest, after hearing on notice, the court, may for cause extend the time fixed under this subdivision. (Emphasis added.)

Fed. R. Bankr.P. 4007(c). It is undisputed that a motion to extend the time within which to file dischargeability complaints was not filed before the expiration of the bar date. This, and most other courts have consistently held that once the deadline expires, and where a timely motion to extend time has not been filed, the Court lacks authority to extend the time within which to file dischargeability complaints. *See Wakefield Mill Bldg. Inc. v Thunberg (In re Thunberg)*, 264 B.R. 60, 61 (Bankr. D.R.I.2001); *In re Donald*, 240 B.R. 141 (1st Cir. BAP 1999); *In re Hatch*, 175 B.R. 429 (Bankr.D.Mass.1994).

Authority-wise, the Plaintiffs do not come empty handed. To the contrary,

there is considerable support for their position. *See Clyde Savings Bank Co. v. Kleinoeder (In re Kleinoeder)*, 54 B.R. 33 (Bankr.N.D.Ohio 1985), where a creditor filed a dischargeability complaint, and the defendant filed a motion to dismiss based on the statute of limitations. The court refused to dismiss, holding that the debtor's failure to raise the defense until four months after it answered the complaint constituted a waiver. *Id.* at 35. Other courts have found Rule 4007(c) to be a procedural statute of limitation and have applied the factors set forth in *Kleinoeder* to determine whether the defendant waived the right to later assert the defense. *See Tolbert v. Clay (In re Clay)*, 64 B.R. 313 (Bankr.N.D.Ga.1986); *Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1008 (9th Cir. BAP 1990).

I find the results in these cases to be incompatible with the plain meaning of Rule 4007(c), since both the wording of the rule and the legislative history clearly indicate that the bar date is jurisdictional. *See Dollinger v. Poskanzer (In re Poskanzer)*, 146 B.R. 125, 131 (D.N.J.1992). The Advisory Committee notes to Rule 4007(c) say, in relevant part: "Subdivision (c) differs from subdivision (b) by imposing a deadline for filing complaints to determine the issue of dischargeability of debts set out in § 523(a)(2), (4) or (6) of the Code. The bankruptcy court has exclusive jurisdiction to determine the dischargeability of these debts. *If a complaint is not timely filed, the debt is discharged.*" Fed. R. Bankr.P. 4007 advisory committee's note (1983) (emphasis added). And one respected commentator has stated:

> The power to decide dischargeability issues under these provisions is vested exclusively in the bankruptcy court, and unless the court expressly decides that a debt is nondischargeable under paragraphs (2), (4), (6), or (15) of section 523(a), the debt may never be held nondischargeable under those provisions. . . . Thus, unlike other dischargeability issues which may be raised at any time under Rule 4007(b), *these issues must be raised by a creditor before the deadline expires; otherwise they are forever lost to the creditor.*

9 Lawrence P. King, et al., *Collier on Bankruptcy* ¶¶ 4007.04 (15th ed. rev.1999) (emphasis added).

This Court rejects the *Kleinoeder* approach and adopts the jurisdictional view taken by *Poskanzer* and the majority of courts that have addressed this question. *See First Deposit Nat'l Bank v. Glover (In re Glover)*, 212 B.R. 860, 862 (Bankr. S.D.Ohio 1997); *Toledo Teachers Credit Union v. Ezell (In re Ezell)*, 116 B.R. 556, 557 (Bankr.N.D.Ohio 1990); *Anderson v. Booth (In re Booth)*, 103 B.R. 800 (Bankr. S.D.Miss.1989); *Lee Ludwig & Associates v. Seasport, Inc. (In re American Sports Innovations)*, 105 B.R. 614, 616 (Bankr. W.D.Wash.1989); *Federal Deposit Insurance Corporation v. Kirsch (In re Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.1986); *Miller v. Krause (In re Krause)*, 114 B.R. 582, 605 (Bankr.N.D.Ind.1988). This view is also consistent with those courts that have strictly applied the procedural time limitations and extensions under Rule 4007(c). *See Thunberg, Donald, and Hatch, supra.* Accordingly, because this Court has no jurisdiction over the Plaintiffs' late filed complaint, the adversary proceeding is dismissed.

■ For possible appellate purposes, and in the event that it is found on appeal that the limitations period set forth in Fed. R. Bankr.P. 4007(c) is procedural and therefore waiveable, I find that under the factors set forth in *Kleinoeder*, 54 B.R. at

35,[1] the Defendants have not waived the defense. At the hearing the Plaintiffs indicated that the only significant time spent on the case was in responding to the Motion to Dismiss. Also, the passage of five months before raising the defense *in this case* is reasonable, given the confusion surrounding deadlines, i.e., a separate bar date was established for the Plaintiffs due to the late scheduling of their claim in the bankruptcy. Add to this the fact that both Plaintiffs and the Chapter 7 Trustee sought extensions of the deadline to object to the Debtors' discharge. By looking at the filing date of the instant Complaint (May 15, 2001) and the last extension granted to the Plaintiffs, it may appear that the filing is timely. However, when the Plaintiffs' last request for extension is examined it is clear that they only sought, and therefore were only granted an extension of time to file a complaint objecting to discharge under Fed. R. Bankr.P. 4004(a). The bar date at issue here is under Fed. R. Bankr.P. 4007(c), which was not extended.

Furthermore, the Plaintiffs have not established that they suffered any legal prejudice during or as a result of the five month delay in raising the waiver issue. Little discovery has been conducted, no Joint Pre–Trial Order has been filed, and the motion to dismiss was filed almost three months before the trial on the merits was scheduled to be heard. Accordingly, if our ruling that the bar date is jurisdictional is reversed on appeal, I would then rule that the Defendants raised the statute of limitations in a timely manner, and grant the Motion to Dismiss on that ground.

Enter judgment consistent with this Order.

---

1. The five factors considered by the *Kleinoeder* court in determining waiver are: 1) the obviousness of the defense's availability; 2) the stage of the proceeding at which the defense was raised; 3) the time which elapsed between the filing of the answer and the raising of the defense; 4) the time and effort expended by the plaintiff in the case at the time the defense is raised; and 5) the prejudice to the plaintiff resulting from allowing the defense to be asserted. *Id.* at 35.